MILLER, Internal Revenue Collector, **v.** GEARIN.*

(Circuit Court of Appeals, Ninth Circuit.   May 5, 1919.)

No. 3281.

**1. INTERNAL REVENUE ⬤⟾7—INCOME TAXES—"INCOME."**

Where, in 1907, the owner of land leased the same for 23 years, under an agreement requiring the tenant to construct an expensive brick building, and on the tenant's default the owner retook possession in 1916, the value of the building cannot be deemed income accruing in the year 1917, within Income Tax Law Sept. 8, 1916, § 2a (Comp. St. § 6336b), for under the lease the title to the building vested in the owner immediately upon construction, and the lessee's, default caused the owner a loss.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Income.]

**2. INTERNAL REVENUE ⬤⟾7—INCOME TAXES—INCOME TAX LAW—CONSTRUCTION.**

Where an income tax law is doubtful, doubts should be resolved in favor of the taxpayer against the government.

**3. STATUTES ⬤⟾245—LEVYING TAXES.**

Statutes levying taxes should be construed, in case of doubt, against the government and in favor of the citizen.

In Error to the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Action by Matilda M. Gearin against Milton A. Miller, Collector of Internal Revenue of the United States for the District of Oregon. There was a judgment for plaintiff, demurrer to the complaint having been overruled, and defendant brings error.   Affirmed.

The defendant in error was the owner of a lot in the city of Portland, which was under a lease to Rothchild Bros., a corporation, which lease by its terms would expire on March 30, 1907.   The rental under the lease was $1,-300 per month.   On October 5, 1906, the parties to that lease entered into a new lease, in pursuance of which the lessee was to destroy and remove the frame buildings which they occupied on said lot, and erect a seven-story brick building thereon at a cost of not less than $85,000.   The lessee erected the building and completed the same during the year 1907 at a cost, as the lessee claimed, of $140,000.   The term of the lease was 23 years from April 1, 1907, and the agreed rental was $1,200 per month for the first 21 years of the term, and $1,450 for the last 2 years, and the lessee was to pay all taxes and street and sewer assessments levied against the property.   The lessee paid the rent until March 15, 1916, whereupon it made default, and in consequence thereof the defendant in error, by means of an action for forcible entry and detainer, acquired possession of the property on December 2, 1916. Since that time the rentals have been insufficient to pay the expenses of maintenance, management, and taxes.   The plaintiff in error, as collector of internal revenue, assessed the defendant in error for the value of said building, which he placed at the sum of $108,653.50, as income received in the year 1916; the tax thereon being $4,872.16.   The defendant in error paid that sum under protest, and appealed from said assessment to the Commissioner of Internal Revenue, and the Commissioner affirmed the action of the collector.   The present action was brought by the defendant in error to recover said sum of $4,872.16.   To her complaint in the court below a demurrer was interposed and overruled, and thereupon judgment was entered for the defendant in error.

⬤⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

258 F.—15    *Certiorari denied 250 U. S. ——, 40 Sup. Ct. 13, 64 L. Ed. ——.

Bert E. Haney, U. S. Atty., and John J. Beckman, Asst. U. S. Atty., both of Portland, Or., for plaintiff in error.

Hugh C. Gearin, Dolph, Mallory, Simon & Gearin, and Hall S. Lusk, all of Portland, Or., for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] The question here is whether the building which was placed upon the property of the defendant in error in the year 1907 under the lease was income received in the year 1916 by reason of the fact that in that year the lease was forfeited and the defendant in error resumed possession. Section 2 (a) of the Income Tax Law of 1916 (Act Sept. 8, 1916, c. 463, 39 Stat. 757 [Comp. St. § 6336b]) provides that—

"The net income of a taxable person shall include gains, profits, and income derived from salaries, wages, or compensation for personal service of whatever kind and in whatever form paid, or from professions, vocations, businesses, trade, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in real or personal property, also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever."

The lessor acquired nothing in 1916 save the possession of that which for many years had been her own. The possession so acquired was not income. It was not a gain, but was a loss. Assuming that the building was income derived from the use of the property, we think it clear that the time when it was "derived" was the time when the completed building was added to the real estate and enhanced its value. At that time it represented a prepayment to the lessor of a portion of the rental, distributable over a period of 23 years. The lease provided that the ownership of all buildings or improvements put upon the premises was to vest in the lessor immediately upon the construction of the same, subject to the provisions of the lease. The decision in Edwards ·v. Keith, 231 Fed. 111, 145 C. C. A. 298, L. R. A. 1918A, 498, is not contrary to this view. In that case the court held that the commissions of an insurance broker, earned before the Income Tax Law was passed, but received thereafter, constituted income taxable in the year in which they were actually received. The sole question in that case, as in this, was: When was the income received or derived?

[2, 3] We do not consider the question here involved a doubtful one; but, if there is doubt, it should be resolved in favor of the taxpayer. In Gould v. Gould, 245 U. S. 151, 38 Sup. Ct. 53, 62 L. Ed. 211, it was said:

"In the interpretation of statutes levying taxes, it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out. In case of doubt they are construed most strongly against the government, and in favor of the citizen."

See, also, Haiku Sugar Co. v. Johnstone, 249 Fed. 103, 109, 161 C. C. A. 155.

The judgment is affirmed.