CRYAN v. WARDELL, Internal Revenue Collector.

(District Court, N. D. California, Second Division.   February 2, 1920.)

No. 16262.

1. INTERNAL REVENUE ☞7—INCREASED VALUE FROM IMPROVEMENT OF LAND BY LESSEE PRIOR TO PASSAGE OF STATUTE NOT TAXABLE AS "INCOME."

Under Civ. Code Cal. § 1013, as to the ownership of fixtures, a building erected by a lessee under a lease prohibiting its removal became the property of the lessor when erected in 1910, and the increase in value therefrom was not taxable under Act Sept. 8, 1916, § 2a (Comp. St. § 6336b), as "income" for the year in which the lease terminated.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Income.]

2. INTERNAL REVENUE ☞7—TREASURY REGULATIONS CANNOT CHANGE LAW AS TO WHAT CONSTITUTES INCOME.

The Treasury Department has no power to abrogate a substantive rule of law by a regulation directing taxing officers to include permanent improvements under leases as income for the year in which the lease ends.

At Law.   Action by Mary J. E. Cryan against Justus S. Wardell, as Collector of Internal Revenue for the First District of California. Demurrer overruled.

Cushing & Cushing, of San Francisco, Cal., for plaintiff.

Annette A. Adams, U. S. Atty., and Frank M. Silva, Asst. U. S. Atty., both of San Francisco, Cal., for defendant.

VAN FLEET, District Judge.   Action to recover an item of income tax assessed against plaintiff under section 2a of the act of September 8, 1916 (39 Stat. 756 [Comp. St. § 6336b]), which provides that—

"The net income of a taxable person shall include gains, profits, and income derived from * * * sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in real or personal property, also from interest, rent, dividends * * * or gains * * * from any source whatever."

Plaintiff is the owner of a lot of land in the city of San Francisco, upon which, under the terms of a lease made by plaintiff in 1908 for a term of 26 years, there was erected by her tenant a class A steel and concrete building, the lease providing that "in no event shall the lessee hereunder have any right to remove any building from said premises." The building was completed in 1910.   In 1916, the tenant defaulting in accrued rent, the lease was by mutual arrangement canceled and terminated, and possession of the leased premises surrendered to plaintiff.

The tax in question was assessed for the year 1916 upon the then value of the building erected under the lease, upon the theory that the structure represented "gains, profits, and income" accruing to plaintiff for that year, under an interpretative rule of the Treasury Department, made for the guidance of taxing officers, that:

"Permanent improvements under lease or rental contracts, when improvements become a part of real estate, the difference between cost of the improve-

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ments and allowable depreciation during the lease term, is gain or profit to the lessor at the end of the lease term, and is to be accounted for as income at that time." Paragraph 50, Regulation No. 33, Treasury Dept.

[1, 2] The government claims that under the provisions of the act, and this regulation made thereunder, the tax was properly assessed and collected; but I am unable to sustain this view. The right to levy the tax turns upon the question: When did the title to this building vest in plaintiff and become a part of her property for the purpose of taxation? I am of opinion that under well-settled principles, aptly expressed in section 1013, Civil Code of California, the moment the building was erected, which the terms of the lease show was to become and remain an integral part of the land upon which it was constructed, the title thereto vested as completely in the plaintiff as though constructed by the plaintiff herself. The terms of the lease clearly disclose that the erection of the building was a part of the consideration for the lease, and that it was provided for and taken into consideration in the rent reserved. It therefore became, upon its completion, a part and parcel of plaintiff's income-bearing property, and was subject to taxation in her as of that date. City of Oakland v. Albers Bros.' Milling Co. (Cal. App.) 184 Pac. 868.

The regulation of the Treasury Department cannot be applied to such a state of facts; if so intended, it must give way, as the department has no power to abrogate a substantive rule of law. This conclusion is not affected by the principles stated in Board of Education v. Grant, 118 Cal. 39, 50 Pac. 5, or San Francisco v. McGinn, 67 Cal. 110, 7 Pac. 187, relied on by defendant. Nor do the considerations urged by defendant as arising from the relation of landlord and tenant, between plaintiff and her lessee, apply to the terms of the lease here involved.

It results that whatever accession of value resulted to plaintiff's property from the erection of the building in question accrued and became vested in her in 1910, and not upon the termination of the lease. As this was prior to the enactment under which the tax was levied, the case falls by analogy within the principles of Doyle v. Mitchell Brothers Co., 247 U. S. 179, 38 Sup. Ct. 467, 62 L. Ed. 1054, and Hays v. Gauley Mountain Coal Co., 247 U. S. 189, 38 Sup. Ct. 470, 62 L. Ed. 1061. Those cases dealt with the act imposing a corporation excise tax, but, like the present act, the tax was imposed on income, and not upon capital invested, or property as such, and it was held that increase in the value of property invested, accruing before the act took effect, could not be taken into account or treated as income not realized upon until after that fact.

The demurrer of the defendant will be overruled.