*1221 OPINION.
Aeundell:
The theory that improvements placed upon leased property by the lessee result immediately in income to the lessor has been established by the courts. Miller v. Gearin (C. C. A.), 258 Fed. 225; Cryan v. Wardell, 263 Fed. 248.
*1222 Petitioner does not question the value placed by the Commissioner on the property at the date of .its completion in the amount of $203,-387.25, nor does ho offer any proof sufficient to warrant us in changing the apportionment as made by the Commissioner wherein he assigned to petitioner three-eighths of the whole value so determined, nor does he complain because the Commissioner prorated the income so determined over the life of the lease instead of requiring that it be reported all in the year 1922. His contention is that he is in receipt of no income because the theatre building will be obsolete upon the termination of the lease in 1940, and that if it be then necessary to convert the theatre into commercial property the cost of removing the building will be as much as the salvage value of the material.
To this view we can not agree. The building was substantially constructed and there is no evidence to overcome the Commissioner’s findings that it would have a normal life of 50 years. There is evidence that the trend of development is away from this location and that the economic life of theatres of this sort is much shorter than the physical life of the building. From all the evidence we are of the opinion that petitioner’s interest in the building should be depreciated at the rate of 3y3 per cent per annum over the life of the lease in determining its residual value at the expiration of the lease.
There is no evidence in the record which would permit us to pass on the second assignment of error. The Commissioner must, therefore, be sustained on this point.

Judgment will he entered on 10 days’ notice, wider Rule 50.