*815 OPINION.
MtxRdoce: :
The correct decision of the present case does not depend upon how the Commissioner, in determining the tax liability of the lessee, may have or should have treated the expenditure of $10,209.31 for the improvements. The petitioner seeks to avoid paying the amount of the deficiency resulting from including the $10,209.34 in.income by contending that there was no agreement between the lessor and the lessee in regard to these improvements. He concedes that article 48 of Regulations 62 and a number of decided cases are correct interpretations of the law, but argues that this is so because they are predicated upon an agreement of the lessee to improve the leased-premises. This argument is certainly not persuasive where, as here, the petitioner owned all but 2 per cent of the stock of the lessee and, with his wife, was the lessor. In such a situation the petitioner and his wife were free to do as they pleased so far as any leasing and improving of this building by the corporation were concerned. We do not know why they proceeded without a lease providing for a definite term and for improvements, but the fact that they did is no reason why they should escape tax when improvements were made by the corporation. They voluntarily used a lease having no definite term; consequently, they could have refused to renew it for the next year and thus have repossessed themselves of the building. The improvements became a part of the building when made and were income to the owners at that time. Cf. Miller v. Gearin, 258 Fed. 225; certiorari denied, 250 U. S. 667; Cryan v. Wardell, 263 Fed. 248. Even if this income could be reported ratably over the term of the lease, here the only term we know of is the one year, so we can not say that the Commissioner erred in this connection. Henry I. Brown, 4 B. T. A. 1129; Shelby D. Scott, 9 B. T. A. 1219; Joseph L. B. Alexander, 13 B. T. A. 1169; James M. Butler, 19 B. T. A. 718.
Reviewed by the Board.

Judgment will be entered under Rule 50.

McMahon concurs in the result only.
Matthews dissents.