## CRANE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 2836.

Circuit Court of Appeals, First Circuit.
Jan. 9, 1934.

James M. Rosenthal, of Pittsfield, Mass. (Joseph M. McMahon, of Pittsfield, Mass., on the brief), for Crane.

Carlton Fox, Sp. Asst. to Atty. Gen. (Pat Malloy, Asst. Atty. Gen., and Sewall Key and J. Louis Monarch, Sp. Assts. to Atty. Gen., on the brief), for Commissioner of Internal Revenue.

Before WILSON and MORTON, Circuit Judges, and McLELLAN, District Judge.

McLELLAN, District Judge.

This is a petition for review of a decision of the United States Board of Tax Appeals redetermining a deficiency in income taxes for the calendar year 1927. The controversy before the Board of Tax Appeals concerned the propriety of the refusal by the Commissioner of Internal Revenue to permit the petitioner to add to the cost basis of certain real estate sold by him in 1927 the depreciated value of improvements made by a lessee.

In 1910 the petitioner for review inherited from his father a lot of land with the building thereon, located in New York City. It was stipulated that on March 1, 1913, the value of the land and building was $115,000, of which $104,000 was the value of the land and $11,000 the value of the building. On Janu-

ary 6, 1920, the petitioner leased the land and building to the American Mutual Liability Insurance Company for the term of ten years, and, in accordance with the terms of the lease, improvements were made by the lessee during the year 1920 in the amount of $95,182, which were to revert to the lessor upon the termination of the lease. According to the stipulation, no part of the cost of the improvements made by the lessee was reported by the petitioner as taxable income. In 1927 the petitioner sold the land and building for $175,125, subject to the lease.

In his petition for a redetermination of the deficiency set forth by the Commissioner of Internal Revenue in his notice of deficiency, the petitioner alleged that he inadvertently failed to report as income for any year the depreciated value of the improvements made by the lessee, and the Commissioner's answer admitted this.

In computing gain or loss upon the sale of the property in 1927, the petitioner added to his March 1, 1913, cost basis the depreciated value of the improvements. The Commissioner recomputed the gain or loss without making any allowance for such depreciated value of improvements. The United States Board of Tax Appeals affirmed this action by the Commissioner of Internal Revenue, and the question for decision is whether, in the computation of gain or loss upon the sale of the property in question, the March 1, 1913, value should be used, and not that value plus the depreciated value of improvements made by the lessee.

The rights of the parties are determined by section 202 (a) and (b) and section 204 (b) of the Revenue Act of 1926, 26 USCA §§ 933 (a, b), 935 (b), as interpreted by Regulations 69, article 1561, the pertinent provisions whereof follow:

"Sec. 202. (a) Except as hereinafter provided in this section, the gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the basis provided in subdivision (a) or (b) of section 204 [section 935 of this title], and the loss shall be the excess of such basis over the amount realized.

"(b) In computing the amount of gain or loss under subdivision (a)—

"(1) Proper adjustment shall be made for any expenditure or item of loss properly chargeable to capital account, and

"(2) The basis shall be diminished by the amount of the deductions for exhaustion, wear and tear, obsolescence, amortization, and de-

pletion which have since the acquisition of the property been allowable in respect of such property under this title or prior income tax laws; but in no case shall the amount of the diminution in respect of depletion exceed a depletion deduction computed without reference to discovery value or to paragraph (2) of subdivision (c) of section 204 [section 935 of this title]. In addition, if the property was acquired before March 1, 1913, the basis (if other than the fair market value as of March 1, 1913) shall be diminished in the amount of exhaustion, wear and tear, obsolescence, and depletion actually sustained before such date."

"Sec. 204. (b) The basis for determining the gain or loss from the sale or other disposition of property acquired before March 1, 1913, shall be * * * (B) the fair market value of such property as of March 1, 1913. * * *"

"Regulations 69, Art. 1561. * * * In computing the amount of gain or loss, however, the cost or other basis of the property must be increased by the cost of capital improvements and betterments made to the property since the basic date. * * *"

The respondent urges that since the statute was designed to tax the full profit on sales of property, the ordinary basis for determining gain or loss is cost or March 1, 1913 value, and that the provisions of section 202 (a), requiring a proper adjustment for any expenditure properly chargeable to capital account, refer to an expenditure made by the taxpayer and do not include any expenditure made by some one else. It may be doubted whether the foregoing statutes and regulations require such a construction in all cases.

In the instant case, the petitioner failed to include in his return for the year 1921, or in any subsequent return, the fact that the improvements had been made. There can be no doubt that when the petitioner made his return in 1921 for 1920 income, he was under an obligation to return and pay a tax on the depreciated value of such improvements, as a part of his income for that taxable year. Article 48 of Regulation 45 (1920 Edition) as amended (TD 3062); Miller v. Gearin (C. C. A.) 258 F. 225; United States v. Boston & Providence R. R. Corp. (C. C. A.) 37 F. (2d) 670. While modified by later regulations giving the taxpayer the option of spreading over the life of the lease the depreciated value of such improvements, the petitioner's obligation to report such income continued to exist.

This obligation to report and pay a tax was never performed, and cannot now be enforced against the petitioner, because it is barred by the statute of limitations. The petitioner urges that he is entitled to the benefit of the statute of limitations, and so he is. The obligation can no longer be enforced. But the failure, however innocent, to report this income, constituted in effect a statement that no such income was received, and the government, in reliance thereon, failed to receive the amount of any such tax as might have resulted if the petitioner's returns had been accurate. The statutes and regulation should not be construed to entitle a taxpayer to the benefit of an expenditure made by his lessee, when the taxpayer has failed to report or to pay a tax in the appropriate year or years upon the income received by virtue of the lessee's expenditure.

The decision of the Board of Tax Appeals is affirmed.

MORTON, Circuit Judge (concurring).

I concur in the result—but for reasons different from those stated in the opinion. The cost of the property may, for present purposes, be regarded as its value on March 1, 1913. That amount, less depreciation taken at the Commissioner's figures, is $99,466.-67. The net sale price was $175,125. The Commissioner taxed the difference as profit. The petitioner complains that he was not allowed a deduction of about $66,627, the adjusted value of improvements made on the property by the lessee. The Commissioner and the Board of Tax Appeals disallowed the deduction, because the amount which it represented had never been reported as income by the petitioner.

My brethren think that the petitioner's "failure, however innocent, to report this income constituted in effect a statement that no such income was received." I am unable to persuade myself that this is sound as applied to the case before us. Mr. Crane, who appears not to have been actuated by any fraudulent intent to evade taxation, evidently elected in good faith to let his gain or loss under the lease ride along until the termination of it.

If the regulation of 1918 is valid—as to which I have doubts which are not lessened by the subsequent changes in it—he may in fact have had no such right of election if the Commissioner objected. But the Commissioner does not object. As we said in the Moran Case on very similar facts, the taxpayer having made his election and acted on it, and the Commissioner having accepted his position, and rights having become fixed, the taxpayer

was not at liberty to change his mind and repudiate the position which he had taken. Moran v. Commissioner (C. C. A. November 10, 1933) 67 F.(2d) 601. The sale of the property by Mr. Crane had, for present purposes, the same effect as the termination of the lease; it fixed his gain from the transaction. The gain thereupon became taxable as income, or as profits, in the year in which it was received. I mention this divergence of view because I fear that the ground taken in the opinion may lead to difficulties with the statute of limitations.