EMMA C. MORPHY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 76711.   Promulgated January 19, 1937.

*Prewitt Semmes, Esq.*, for the petitioner.
*E. C. Algire, Esq.*, for the respondent.

OPINION.

LEECH: The broad question here is when is income realized to the lessor from the erection of a building on his land by the lessee, which is not subject to removal on termination of the lease. The Treasury

regulations[1] provide that the income must be reported either in the year of completion of the building or prorated over the life of the lease. The respondent has determined a deficiency on the latter basis. The petitioner claims that the regulation is invalid and that income is not realized until the property is sold or the lease is forfeited or expires.

These regulations under attack are grounded upon the view, expressed if not held, in *Miller* v. *Gearin*, 258 Fed. 225, and *Cryan* v. *Wardell*, 263 Fed. 248.

These regulations have, in effect, been sustained. *Shelby D. Scott*, 9 B. T. A. 1219; *Joseph L. B. Alexander*, 13 B. T. A. 1169.; *Cataract Ice Co.*, 23 B. T. A. 654; *W. H. Martin*, 24 B. T. A. 813. Cf. *Louise C. Slack et al., Executors*, 35 B. T. A. 271.

It is true the Circuit Court of Appeals for the Second Circuit in *Hewitt Realty Co.* v. *Commissioner*, 76 Fed. (2d) 880 (1935), is *contra*. That opinion has had the respectful consideration of this Board. It offers what may seem to be a persuasively practical answer to a difficult problem. However, no other similar authority has come to our attention. And, the court, even in its decision of that case, was not unanimous. See dissenting opinion of Chase, Judge.

Therefore, we adhere to our position and sustain the validity of the contested regulations.

It is suggested in petitioner's brief, as an alternative reason why no income was realized in the year involved that, under the lease, title to the building did not pass to the lessor until expiration or forfeiture of the lease. This argument has no merit, since that was not the effect of the present lease. Cf. *Joseph L. B. Alexander*, *supra*.

Reviewed by the Board.

> *Decision will be entered for the respondent.*

Murdock dissents.

---

Arundell, dissenting: It seems to me that the decision of the Second Circuit in the *Hewitt Realty* case, 76 Fed. (2d) 880, gives a sound solution to the question here involved. The substance of the

[1] Article 63 of Regulations 74, as amended, reads in part as follows:

*"Improvements by lessees.*—When buildings are erected or improvements made by a lessee in pursuance of an agreement with the lessor, and such buildings or improvements are not subject to removal by the lessee, the lessor may at his option report the income therefrom upon either of the following bases:

"(*a*) The lessor may report as income at the time when such buildings or improvements are completed the fair market value of such buildings or improvements subject to the lease.

"(*b*) The lessor may spread over the life of the lease the estimated depreciated value of such buildings or improvements at the expiration of the lease and report as income for each year of the lease an aliquot part thereof."

holding in that case is that the erection of a building by a lessee does not result in realization of income to the lessor; the realization of income, if any, occurs when the lessor sells. This view, as stated by Judge Learned Hand, author of the majority opinion, "answers every fiscal necessity far more directly and simply than any other formula."

The lease in the instant case was for a period of over thirty years. Under the view expressed in the Commissioner's regulations and approved in the majority opinion, it is necessary to look into the future to the time when the lease terminates and determine the value of the building after taking into account the ravages of time. In many cases of long-term leases the original term extends beyond the useful life of the improvements. Some of them involve definite provisions for renewal. There are always the possibilities of termination prior to the expiration of the agreed term, and accelerated depreciation and obsolescence resulting from causes unforseeable when the lease is executed. These are factors that complicate any attempted application of the Commissioner's regulations. But what is more serious, they show the impossibility of determining with any fair certainty the amount to be treated under the regulations as realized income. A promise to turn over possession of a building many years hence, and subject to the many contingencies necessarily involved in any transaction extending over a period of years, does not seem to be in any proper sense the present equivalent of cash. Cf. *Burnet* v. *Logan*, 283 U. S. 404. The difficulty of determining as a matter of fact the value of improvements is recognized in both opinions filed in the *Hewitt* case. The majority opinion obviates the difficulty and offers a sound solution. It treats as income the full amount eventually realized when it is actually realized. Anything short of this does not meet the test of realized income with which the taxing act is concerned. For these reasons, I think we should adopt the principle of the *Hewitt Realty* case and decline to follow the earlier cases that hold otherwise.

STERNHAGEN and TYSON agree with this dissent.