DURKHEIMER INVESTMENT COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 83290.   Promulgated August 4, 1937.

*Robert F. Maguire, Esq.,* for the petitioner.

*William E. Davis, Esq., Frank M. Thompson, Esq.,* and *A. T. Akin, Esq.,* for the respondent.

#### OPINION.

DISNEY: The respondent included the value of the improvements at the time of repossession in gross income pursuant to provisions of article 63 of Regulations 77, as amended April 10, 1935, by T. D. 4539, reported in C. B. XIV-1, 141. The regulations, after providing, in substance, that when buildings erected by a lessee immediately become the property of the lessor, as in cases where they are not subject to removal by the lessee, the lessor has the option of reporting the fair market value thereof or an aliquot part of the value, based upon the life of the lease, in the year of completion of the buildings, reads as follows:

If the lease is terminated so that the lessor comes into possession or control of the property prior to the time originally fixed for the expiration of the lease, the lessor shall report income for the year in which the lease is so terminated to

the extent that the value of such buildings or improvements when he becomes entitled to such possession exceeds the amount already reported as income on account of the erection of such buildings or improvements. * * *

The respondent contends that the regulations are valid and govern the question. The argument is based upon the theory that in substance there was no termination prior to 1932 of the lease under the terms of which the building was erected. The case of *Emma C. Morphy*, 35 B. T. A. 289, cited by the respondent as sustaining the validity of the regulations, involved the propriety of including in income of a lessor, for the year during which a lessee erected a building on the leased premises, an aliquot part of the value of the improvements under the optional provision of like regulations promulgated under the 1928 Act. The question was a narrow one and did not include the validity of the paragraph of the regulations in question here.

The petitioner relies upon the rule announced in *Miller* v. *Gearin*, 258 Fed. 225; certiorari denied, 250 U. S. 667. There, as here, the lessee, pursuant to provisions of a lease, erected a new building on the realty, and, upon the termination of the lease because of default of the lessee, the Commissioner held that the lessor received taxable income in the year of repossession in an amount equal to the value of the improvements. The court held that the income was derived in a prior year during which the improvements were made, "Assuming that the building was income derived from the use of property"; that the owner acquired nothing in the taxable year "save the possession of that which for many years had been her own," and that such possession did not result in a realization of income. The rule there announced is recognized as sound, *Louise C. Slack et al., Executors*, 35 B. T. A. 271, and *Emma C. Morphy, supra*, and cases cited therein on the point, and is reflected in the Commissioner's regulations. G. C. M. 9755, C. B. X-2, p. 120, and opinion of Judge Chase in *Hewitt Realty Co.* v. *Commissioner*, 76 Fed. (2d) 880.

The respondent contends that *Miller* v. *Gearin, supra*, and *Cryan* v. *Wardell*, 263 Fed. 248, are distinguishable on the ground that in the former, ownership of the property vested in the lessor immediately upon the erection of the improvements and that in the latter, the lessee had no right to remove the building from the realty. The alleged differences in the facts do not exist. The terms of each lease involved here required the lessee to protect the petitioner against loss of the building by fire and to deliver up the premises upon the termination of the lease in as good condition as the improvements were in at the time of execution of the lease, or might be put in, ordinary wear and tear excepted.

In *Louise C. Slack et al., Executors, supra*, the facts were in all material respects the same as those here, and, following the reasoning of *Miller* v. *Gearin, supra*, we concluded that the lessor did not

realize income upon the termination of the lease in the taxable year because of default of the lessee. We reach the same conclusion here, assuming that the two leases are, in substance, but one lease.

Although the petitioner relies upon the 99-year lease entered into in 1925 merely as one of several circumstances requiring a holding that it acquired the building prior to the taxable year, the fact that the petitioner acquired repossession in 1932 under the terms of a lease separate and distinct from the one under the terms of which the building was erected is an additional ground for deciding that there was no realization of income within the taxable year.

Article 48 of Regulations 65, promulgated under the 1924 Act, like article 63 of Regulations 77, *supra*, required lessors coming into possession of property prior to the termination of the lease to report as income in the year of repossession the value of the improvements at the time the right to take possession occurred, less the amount already reported as income. The building in question here was erected in 1913, pursuant to provisions of the lease entered into in 1910 for a term of 30 years. This lease was terminated May 7, 1925, effective June 30, 1925, 15 years prior to the expiration of its term, by mutual consent for the purpose of entering into a new lease with the same lessee, having terms in many respects different from those embodied in the first lease. The intent of the parties to rescind the original lease is as clear as it was possible to express it.

It does not appear that the lessor took actual possession of the property upon the termination of the old lease, or made physical delivery under the new lease. The circumstances did not require it. There was, however, constructive delivery, first from the lessee to the lessor under the old lease, and then from the latter to the former under the new lease. Thereafter, the position of the petitioner as regards the ownership of the property was the same as though it had erected the building at its own expense. If, therefore, the old lease was terminated prior to the expiration of its term, and there appears to be little, if any, doubt about it, pursuant to the Commissioner's regulations in effect at that time, the income was realized in 1925.

*Decision will be entered for the petitioner.*