JULIAN B. HART, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket Nos. 75030, 78877.   Promulgated February 17, 1938.

*Ferdinand Tannenbaum, Esq.*, for the petitioner.
*O. W. Swecker, Esq.*, and *W. R. Lansford, Esq.*, for the respondent.

OPINION.

HARRON: The sole question is whether petitioner realized income in the years 1931 and 1932 as the result of the construction of a building by a sublessee on leased premises of which the petitioner was a part owner. The building was completed in April 1925 and has an estimated useful life of 30 years to April 1955. The original lease of the premises on which the building was constructed was for a term of 20 years, 7 months, to April 30, 1944. The lessees had options to renew the lease for three successive terms of 21 years thereafter.

The Commissioner has prescribed alternative methods of reporting income where a lessor realizes income as the result of improvements on premises by lessees. The regulation is quoted in the margin,[1] as amended by T. D. 4282, C. B. VIII-2, p. 82.

The petitioner and the other lessors involved did not report income as a result of the construction of the building in 1925, pursuant to subsection (a) of article 63. The respondent has determined that he should therefore report income pursuant to subsection (b). Respondent has determined a deficiency by applying subsection (b), specifically, as follows: The Commissioner held that the building erected in 1925 by the sublessee had a fair market value of $480,000. From this figure he deducted $320,000 representing 20 years depreciation, the original term of the lease, at 3⅓ percent. As there were old buildings torn down which had a value of $60,000 for which obsolescence was allowable, the "income" received by the lessors by reason of the erection of the building was determined to be $100,000. This amount respondent spread over 20 years, the term of the original lease, under option (b) of article 63 of Regulations 74. He thereby determined that the lessors realized a yearly "income" of $5,000, which, apportioned among the four owners resulted in "income" to the petitioner

---

[1] Article 63 of Regulations 74, as amended, reads in part as follows:

*"Improvements by lessees.*—When buildings are erected or improvements made by a lessee in pursuance of an agreement with the lessor, and such buildings or improvements are not subject to removal by the lessee, the lessor may at his option report the income therefrom upon either of the following bases:

"(a) The lessor may report as income at the time when such buildings or improvements are completed the fair market value of such buildings or improvements subject to the lease.

"(b) The lessor may spread over the life of the lease the estimated depreciated value of such buildings or improvements at the expiration of the lease and report as income for each year of the lease an aliquot part thereof."

of $1,250. This amount was added to petitioner's taxable income in each of the taxable years.

The petitioner, one of the lessors, in his income tax returns for the taxable years reported no income by reason of the erection of the building and the acquisition of title thereto.

Petitioner contends that he derived no income in the taxable years from the completion in 1925 of a building erected by the sublessee on the premises leased for an original term expiring April 30, 1944, with options for renewals for 3 terms, totaling 63 years, options exercisable by the lessee solely, when the probable life of the building from April 1925 was 30 years. He further argues that he could not realize income from construction of the building until he disposed of his interest in the leased premises. Petitioner relies on *Hewitt Realty Co.* v. *Commissioner*, 76 Fed. (2d) 880, which was decided by the Circuit Court of Appeals for the Second Circuit, which reversed this Board's opinion, *Hewitt Realty Co.*, 29 B. T. A. 1205.

The respondent has determined that petitioner realized taxable income as a result of constructing a building on the premises leased by petitioner and others. This determination has been made pursuant to article 63 (*b*) of Regulations 74. In applying the pertinent provision of the regulations, respondent has considered only the depreciated value of the improvements at the expiration of the original term of 20 years and has disregarded the option in the lessee to renew the lease for a renewal term of 21 years. This, we now believe to be in error.

In considering the question whether construction of a building on leased property enriches the lessor so that he realizes taxable income, we must enquire whether the improvement has enhanced the value of the property. Whether or not there is an increase in value is a question of fact. Cf. *United States* v. *Boston & Providence Railroad Corporation*, 37 Fed. (2d) 670; *Hewitt Realty Co.* v. *Commissioner*, *supra*, p. 883. The facts are to be considered in relation to the terms of the lease.

In this proceeding the improvements were not removable from the realty and title to them vested in the lessors. The rental for the original term of the lease was fixed upon the basis of the value of the unimproved realty, i. e., ground rent. For the last five years of the original term the rental per year was $105,000. It was provided in the lease that the rental for any renewal term should be not less than $105,000 per year or a ground rental of 5 percent per annum of the value of the land, as found by appraisers, excluding the value of the newly constructed building. In other words the lessors gave the lessee the option to renew without any increase in the rent based on any added value to the property due to the erection of the building. Therefore, so long as the lease should continue into a second term of

21 years from the end of the first 20½ years, the improvement resulting from construction of the building would enhance the value of the leased premises only if the useful life of the building were for a period longer than the life of the lease. It is agreed that the building's estimated useful life was 30 years, to 1955. The second term of 21 years from April 30, 1944, would run to April 30, 1965, which exceeds the estimated useful life of the building.

Article 63 (*b*) of Regulations 74 provides that the depreciated value of a building at the *expiration* of the lease may be spread over the life of the lease. This regulation has been interpreted by the Commissioner to mean that the term "expiration" refers to the period covered by the original term of a lease without consideration for whether there may be any renewal. In *Hewitt Realty Co.*, 29 B. T. A. 1205, we approved this interpretation by stating that the lease may not be considered as extending over possible renewal terms, referring to *Bonwit Teller & Co.* v. *Commissioner*, 53 Fed. (2d) 381. The Circuit Court of Appeals has held that the Board was in error in its opinion. The opinion of the court is not unanimous on the point of whether the regulation applicable is valid. We believe that the regulation is valid and have so indicated. See *Emma C. Morphy*, 35 B. T. A. 289; *Julia Willms Sloan*, 36 B. T. A. 370. However, in these last cited cases the issue was not concerned with the problem of how to apply the pertinent regulation where the improvements were made upon premises subject to renewal lease at rental to be computed on the basis of ground rent, nor were there such other factors as are present in this proceeding. We believe that in determining the issue here involved we must consider whether the improvements on the leased property increased the value of the property so as to result in taxable income to the lessor and that, to properly determine whether there is income to the lessor, consideration should be given to whether the lease may be extended over possible renewal terms.

Therefore, giving recognition to the fact that the creation of one renewal term of the lease under the option to renew would put the date of expiration of the lease beyond the depreciated life of the building, and where, further, the option to renew does not involve any increase in rent based upon any added value to the property due to the erection of the building, we believe that it can not be said that the petitioner in this proceeding realized any taxable income in the taxable years. We believe that the question of when or whether taxable income is realized may not be determined until the time, under the terms of the lease, when the lessee will elect either to renew or not to renew the lease for a further term of 21 years. Therefore, the Commissioner erred in ignoring the possibility of renewal for another term in estimating the depreciated value of the building at the termination of the lease for purposes of taxation.

It is held that the Commissioner erred in determining the deficiency and there is no deficiency in No. 75030.

Reviewed by the Board.

> *Decision will be entered for petitioner in No. 75030. Decision will be entered under Rule 50 in No. 78877.*