## DOMINICK v. UNITED STATES.

District Court, S. D. New York.
June 30, 1938.

Hunt, Hill & Betts, of New York City (William R. Meagher and James E. Bennet, Jr., both of New York City, of counsel), for petitioner-plaintiff.

Lamar Hardy, U. S. Atty., of New York City (David McKibbin, 3d, Asst. U. S. Atty., of New York City, of counsel), for the United States.

CLANCY, District Judge.

The plaintiff was one of the owners in fee of certain premises with the buildings thereon in New York City, and on November 12, 1925 they leased the premises by written instrument for a term of twenty-one years beginning November 15, 1925 with a conditional option of a renewal for a like term. Upon default by lessee, the landlords repossessed the premises on February 23, 1934. Between those dates the tenant had installed permanent and substantial alterations, some apparently structural and none removable from the structure, of which they became part, nor subject to separate disposition. They became part of the realty before repossession. Since repossession, the premises have been rented for the same business purposes for which they were altered.

In March, 1935, plaintiff filed his income tax return for the year 1934 in which he included the sum of $4,809.29 as his pro rata share of the value of the improvements made by the lessee while lessee. He later claimed refund of the amount paid as tax on such sum, the claim was rejected and finally disallowed and this suit followed.

Plaintiff moves for summary judgment and the defendant moves to dismiss the complaint for failure to state a cause of action. Plaintiff bases his motion on the decision of our Circuit Court of Appeals in Hewitt Realty Co. v. Commissioner, 2 Cir., 76 F.2d 880, 98 A.L.R. 1201, and that of the Ninth Circuit in Miller v. Gearin, 258 F. 225. The lessee in the Hewitt Case was yet in possession. While that decision does not determine the landlord's liability for income tax after the lease terminates, some of its language seems to say that the lessor's gain can be computed only when realized by sale. The government's position is that whatever gain is his is realized when the lessor regains possession. The gain accrued to his capital when the tenant added to it. Now that the deal with the tenant has terminated, the landlord recovers his investment which was his capital and whatever has been added to it is his gain.

According to the reasoning in the prevailing opinion in the Hewitt Case, this gain is not taxable income because it is not separately disposable and it has not been realized until sale. Miller v. Gearin, supra, said that such improvements as the plaintiff here enjoys were not taxable as income on the expiration of the lease. This decision was before the court that decided the Hewitt Case and was not disapproved, possibly because disapproval was unnecessary. The Hewitt Case is authority only on its facts which included the present occupancy by the tenant. Its reasoning vitiates the Gearin decision even though the actual decisions of the two cases do not conflict. The technical result of the collision is that no landlord, whose tenant, as in the case before me, has gone out of possession knows whether or not he owes taxes. If the conclusions in the prevailing opinion in the

Hewitt Case be the law affecting his tenure after expiry of the lease, he need never pay taxes on the improvements and improvements to real estate, installed by a tenant, attain the dignity of a tax-free gain to the landlord's estate which is determinable but apparently not assessable.

We think we discern merit in the government's case. "Separate disposal" in the definition of income found in Eisner v. Macomber, 252 U.S. 189, 40 S.Ct. 189, 64 L.Ed. 521, 9 A.L.R. 1570 means disposal—which comprehends the power of disposing rather than the effect of the disposition —by or of the landlord separately. The improvements will not be separately considered or transferred or alienated on an outright sale. They go as part of the property and whatever enhancement of the original structure is effected by them goes too. And, that can be appraised now in five minutes just as the landlord did here and as he must when he is selling. Not as a reason but as an illustration he has already asserted their value per se in re-renting. A stockholder cannot realize until he sells, for his control, if it exists, is remote and his interest inchoate and contingent. Eisner v. Macomber, supra. When he sells, it is to a buyer who penetrates the corporate veil and attributes to him disposal of a part of the corporate assets much like the case of the landlord holding the improvements here. Even a transaction of pledge of his certificate is like a pro tempore assignment with power to one who has fixed its value. And, unless realization be confined to mean conversion into money, the repossession into his separate control by the lessor may fairly be called a realization. In no event does he get a loss. He gets something the retention of which may become unprofitable but that does not affect the real value. Whether the possession after acquisition produces income from the employment of the improvements is no element in determining whether or not they were income at the time of acquisition. Something is better than nothing and elements of taxes and costs of money, management and operation are accidents. We have set forth this discussion because the last paragraph of the prevailing Hewitt opinion may indicate that the court's decision was intended to be limited to the life of the lease. But, until they may say so more distinctly, I feel constrained, even by their dicta, to grant judgment for the plaintiff.