## F. S. STIMSON CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 83705.   Promulgated August 10, 1938.

*Charles H. Paul, Esq.*, and *Charles T. Donworth, Esq.*, for the petitioner.

*Frank M. Thompson, Esq.*, for the respondent.

OPINION.

ARUNDELL: The petition contains five assignments of error. One, which relates to a disputed depreciation claim amounting to $197.73, has been abandoned. Others, numbered 1, 2, 3, and 4 in the petition, remain in issue, and are controlled by provisions of the Revenue Act of 1932, reading as follows:

SEC. 22. GROSS INCOME.

(a) GENERAL DEFINITION.—"Gross income" includes gains, profits, and income derived from * * * dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; * * *

SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

(a) EXPENSES.—All the ordinary and necessary expenses paid or incurred during the taxable year * * * including a reasonable allowance for salaries or other compensation for services actually rendered * * *.

*　　　*　　　*　　　*　　　*　　　*　　　*

(f) LOSSES BY CORPORATIONS.—* * * losses sustained during the taxable year and not compensated for by insurance or otherwise.

Assignment of error No. 1 is based upon respondent's rejection of a deduction from gross income of the amount of $8,419.66 which petitioner paid as its part of the rental obligations of Hollywood, Inc. Petitioner claims this sum represented a loss under subdivision (f), *supra*. We think the petitioner wrong in this claim. The record shows that the Delaware corporation and not petitioner was guarantor for the rents of Hollywood, Inc. The Delaware corporation's liability, however, was no longer contingent, but an acknowledged loss when the petitioner's incorporators accepted their ratable part and agreed to pay it. The Stimsons did pay a part of the debt before petitioner was incorporated and stood bound to pay the fixed ratable portions of the balance to the end of the lease. They paid $2,000 on March 18, 1931, before petitioner's incorporation, which amount petitioner entered in its ledger account as a charge against Hollywood, Inc. The petitioner concedes that the only reason why the entire obligation was not made a matter of record when it took it over was due to the fact that the full amount of it was then unknown. We think the amount was reasonably ascertainable at that time, but in any event, it was a fixed liability, primarily of the Delaware corporation, and, secondarily, to the part agreed upon, a debt of petitioner's incorporators. The petitioner's payment of its incorporators' part of these debts, if voluntary as respondent contends, was a distribution to them. If paid because it was bound under the transaction through which it acquired its assets, such payments must be regarded as part of the cost of the assets and therefore a capital expenditure. In either view the petitioner's claim on this item must be denied.

In assignment of error No. 2 petitioner complains of respondent's having reduced the amount claimed for officers' salaries from $12,600 to $7,000. Deductions claimed under this class are allowable only to the extent that they are shown to be reasonable and for services actually rendered. The evidence fails to convince us that either of the petitioner's two officers, who shared in the payments involved, performed services of greater value to the corporation than the sums allowed by the respondent for their compensation, and his determination on this item is therefore sustained.

Assignment of error No. 4 relates to claims made for "miscellaneous expenses", the amounts of which the respondent allocated to capital expenditures in reacquiring leased property. The gross sums rejected by the respondent on this account amount to $2,059.65. The respondent determined that the expenditures claimed were part of the cost of repossessing the property leased to the Center Investment Co. and treated them as reduction of the profit realized on the repossession. Evidence was offered as to two items making up the total

amount claimed. One of the items is in the amount of $500 and the other is in the amount of $532.90. Both are identified by the testimony as incurred in connection with negotiating a 15-year lease of the repossessed property for the period beginning August 1, 1933. Consequently, the respondent erred in his classification of these two items, but was correct in his disallowance of them as expenses. Expenditures in connection with long term leases are not deductible as current expenses but are to be spread over the life of the lease. *Central Bank Block Association*, 19 B. T. A. 1183; affd., 57 Fed. (2d) 5; *Sigmund Spitzer*, 23 B. T. A. 776; *Andrew J. Pembroke*, 23 B. T. A. 1176. Under the rule of the cited cases the sum of the two items, $1,032.90, should be amortized over the 15-year life of the lease and the part allocable to the period August 1 to December 31, 1933, allowed as a deduction for the year 1933.

The respondent determined that the petitioner realized a profit from the cancellation of its 99-year lease in the amount of $143,479.21, which sum he added to its 1933 income. In a recomputation set forth in his brief the respondent now determines the profit attributable to cancellation of the lease to be the net sum of $101,845.78. The petitioner argues that the present case is controlled by the decision in *Louise C. Slack*, 35 B. T. A. 271; petition for review dismissed, 91 Fed. (2d) 1011, in which we held that repossession of leased premises did not result in income to the lessor. The respondent, on brief, admits some similarity between the cases. The principles announced in the *Slack* case are, in our opinion, controlling here and it must be held that the repossession did not result in income to the petitioner. If a distinction between the *Slack* case and this one can be spelled out of the fact that the petitioner was not the lessor of the premises when the building was erected by the lessee, such distinction makes no difference in the result. A predecessor of the petitioner was the owner-lessor of the premises when the building was erected by the lessee in 1930. If there was gain at the time of erection, cf. *Miller* v. *Gearin*, 258 Fed. 225, it was not the gain of this petitioner. After improvement of the premises by the lessee the petitioner acquired the property by purchase. There was no gain to the petitioner on the purchase even if the price was less than value. *Palmer* v. *Commissioner*, 302 U. S. 63. When the petitioner acquired possession in 1933 it acquired nothing except possession of property previously acquired by purchase and in this there is no element of income. Accordingly, we hold that the respondent erred in his determination that petitioner realized income upon the cancellation of the 99-year lease.

The petitioner offered evidence of the value of its building on lot 2 at the date of acquisition and at the time of cancellation of the lease. In view of our conclusion on this issue we have omitted any findings on the matter of value.

*Decision will be entered under Rule 50.*