CLEVELAND TRUST COMPANY, TRUSTEE, EDITH K. TIMKEN, ET AL. TRUST, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 88561. Promulgated January 17, 1939.

*F. E. Gleach, Esq.*, and *H. A. Mihills, C. P. A.*, for the petitioner.
*Henderson A. Melville, Esq.*, for the respondent.

114

LEECH: This case involves a deficiency in income tax of $441.56 for the calendar year 1932. The sole issue is whether petitioner derived income at the time of the cancellation of a lease of its property because of the fact that, during the running of the lease and pursuant to an agreement contained therein, the lessee had erected a building on the property. We find the facts as stipulated, supplemented by the ultimate finding therefrom that this building, when erected, became a part of the leased premises, and, if removed, had only a salvage value.

In 1919, petitioner acquired a one-half interest in certain real estate located in San Diego, California. It leased this property, in 1925, to the Exchange Securities Corporation for a term of fifty years and one month. Paragraph "Second" of the lease provided, for a term rental, as such, in the amount of $675,487.15, payable in definite amounts and on specific dates. The fifth paragraph, *inter alia*, provides that "In further consideration of this leasing" the lessee would, on or before January 1, 1931, at its cost, commence the erection of a permanent building to cost not less than $200,000 and that it would, on or before June 30, 1926, erect a temporary building at a cost of at least $50,000, to be replaced by the permanent building. Construction of the temporary building was completed in July 1926. It had a life of 33⅓ years. The permanent building was never erected.

In 1932, upon lessee's default, petitioner-lessor canceled the lease and repossessed the premises. In computing the deficiency, respondent deducted depreciation on the building at the rate of 3 percent for six years, the original cost of the building having been $22,500, and determined that petitioner received taxable income, in 1932, in the amount of $9,225, one-half of the remaining cost of the building.

The first question is whether the erection of this building by the lessee can be construed to have been rental under the lease. The Supreme Court, in the recent case of *Blatt Co.* v. *United States*, 305 U. S. 267, said: "* * * Even when required, improvements by lessee will not be deemed rent unless intention that they shall be is plainly disclosed. * * *" We think such an intention is contradicted by the lease involved here. The present lease, in a separate paragraph, provided a definite rental—as such. The life of the improvement, i. e., the temporary building, was shorter than the term of the lease. However, the question remains whether, by virtue of the lessor's acquisition of the premises, following default and its cancellation of the lease, the lessor then realized taxable income, other than rental. Respondent supports his action

here on that position alone.   He does so on the authority of Regulations 77, article 63,[1] as amended by T. D. 4539 (C. B. XIV–1, p. 141).[2]

[1] ART. 63. *Improvements by lessees.*—When buildings are erected or improvements made by a lessee in pursuance of an agreement with the lessor, and such buildings or improvements are not subject to removal by the lessee, the lessor may at his option report the income therefrom upon either of the following bases:

(*a*) The lessor may report as income at the time when such buildings or improvements are completed the fair market value of such buildings or improvements subject to the lease.

(*b*) The lessor may spread over the life of the lease the estimated depreciated value of such buildings or improvements at the expiration of the lease and report as income for each year of the lease an aliquot part thereof.

Except in cases where the lessor has exercised the option to report income upon basis (*b*), if the lease is terminated so that the lessor comes into possession or control of the property prior to the time originally fixed for the expiration of the lease, the lessor derives no income by reason thereof, and, just as when the lessor comes into possession or control of the property upon the expiration of the lease, the basis for determining gain or loss to the lessor from the subsequent sale or other disposition of the buildings or improvements and for depreciation in respect of such property is the amount previously reported as income by the lessor because of the erection of the buildings or improvements, except that if the buildings or improvements were acquired prior to March 1, 1913, the basis shall be their value subject to the lease when acquired or their value subject to the lease on March 1, 1913, whichever is greater.   If the buildings or improvements are destroyed prior to the expiration of the lease, the lessor is entitled to deduct as a loss for the year when such destruction takes place the amount previously reported as income because of the erection of such buildings or improvements, less any salvage value subject to the lease to the extent that such loss is not compensated for by insurance or otherwise.   If the buildings or improvements destroyed were acquired prior to March 1, 1913, the deduction shall be based on their value subject to the lease when acquired or their value subject to the lease on March 1, 1913, whichever is greater, less any salvage value subject to the lease to the extent that such loss is not compensated for by insurance or otherwise.   (See articles 130 and 204.)

In all cases where the lessor has exercised the option to report income upon basis (*b*), if the lease is terminated so that the lessor comes into possession or control of the property prior to the time originally fixed for the expiration of the lease, the lessor derives additional income for the year in which the lease is so terminated to the extent that the value of such buildings or improvements when he becomes entitled to such possession exceeds the amount already reported as income on account of the erection of such buildings or improvements.   No appreciation in value due to causes other than the termination of the lease shall be included.   If the buildings or improvements are destroyed prior to the expiration of the lease, the lessor is entitled to deduct as a loss for the year when such destruction takes place the amount previously reported as income because of the erection of such buildings or improvements, less any salvage value subject to the lease to the extent that such loss is not compensated for by insurance or otherwise.

[2] ART. 63. *Improvements by lessees.*—If buildings are erected or improvements made by a lessee and such buildings or improvements immediately become the property of the lessor, as, for instance, if they are not subject to removal by the lessee, the lessor may at his option report the income therefrom upon either of the following bases:

(*a*) The lessor may report as income at the time when such buildings or improvements are completed the fair market value of such buildings or improvements subject to the lease.

(*b*) The lessor may spread over the life of the lease the estimated depreciated value of such buildings or improvements at the expiration of the lease and report as income for each year of the lease an aliquot part thereof.

If the lease is terminated so that the lessor comes into possession or control of the property prior to the time originally fixed for the expiration of the lease, the lessor shall report income for the year in which the lease is so terminated to the extent that the value of such buildings or improvements when he becomes entitled to such possession exceeds the amount already reported as income on account of the erection of such buildings or improvements.   No appreciation in value due to causes other than the termination of the lease shall be included.

If the buildings or improvements are destroyed prior to the expiration of the lease, the lessor is entitled to deduct as a loss for the year when such destruction takes place the amount previously reported as income because of the erection of such buildings or improvements, less any salvage value subject to the lease, to the extent that such loss is not compensated for by insurance or otherwise.   (See articles 130 and 204.)

It is true the provisions of that regulation are identical with others, the validity of which has been sustained by the Board. *Emma C. Morphy*, 35 B. T. A. 289. Cf. *Louise C. Slack et al., Executors*, 35 B. T. A. 271; petition for review dismissed, 91 Fed. (2d) 1011; *Julian B. Hart*, 37 B. T. A. 360. See contra, *Hewitt Realty Co.* v. *Commissioner*, 76 Fed. (2d) 880. However, in the *Blatt* case, *supra*, the Supreme Court considered the validity of that regulation. It is true the Court there had to decide only "whether, under the lease here involved, one-tenth of what the commissioner and taxpayer call and agree to be 'estimated depreciated value,' as of the end of the term, was income to petitioner in the first year of the term." But, in disposing of that question on the facts there before the Court, the majority opinion clearly invalidates the regulation under which the respondent acted here, and says:

Granting that the improvements increased the value of the building, that enhancement is not realized income of lessor.[7] So far as concerns taxable income, the value of the improvements is not distinguishable from excess, if any there may be, of value over cost of improvements made by lessor. Each was an addition to capital; not income within the meaning of the statute.[8] Treasury Regulations can add nothing to income as defined by Congress.[9]

[7] *Hewitt Realty Co.* v. *Commissioner* (CCA 2), 76 F. (2d) 880, 884. *Eisner* v. *Macomber*, 252 U. S. 189, 207. *Lucas* v. *Alexander*, 279 U. S. 573, 577. Cf. *Bowers* v. *Kerbaugh-Empire Co.*, 271 U. S. 170, 175.

[8] *United States* v. *Phellis*, 257 U. S. 156, 169, 175. *Merchants' L. & T. Co.* v. *Smietanka*, 255 U. S. 509, 519–520. *Taft* v. *Bowers*, 278 U. S. 470, 480, et seq. *Lucas* v. *American Code Co.*, 280 U. S. 445, 449. *Eckert* v. *Burnet*, 283 U. S. 138, 142. *Burnet* v. *Logan*, 283 U. S. 404, 412–413. *United States* v. *Safety Car Heating Co.*, 297 U. S. 88, 99. *Koshland* v. *Helvering*, 298 U. S. 441, 444–445. Cf. *Commissioner* v. *Van Vorst* (CCA 9), 59 F. (2d) 677, 680.

[9] *Koshland* v. *Helvering*, 298 U. S. 441, 447.

In view of that unequivocal expression by the Supreme Court, we now hold that where, as here, the improvements to the leasehold did not constitute rent and, when constructed, became a part of the leased premises, and, if removed, had only a salvage value, no taxable income is realized by their lessor upon its acquisition of possession of such premises at the termination of the lease.[3]

Reviewed by the Board.

*Decision will be entered for the petitioner.*

---

[3] See concurring opinion of Mr. Justice Stone in the *Blatt* case, *supra*.