LEWIS, Former Collector of Internal Revenue, v. POPE ESTATE CO.

No. 9534.

Circuit Court of Appeals, Ninth Circuit.

Dec. 17, 1940.

Rehearing Denied March 7, 1941.

the property, for the purpose of building other or new buildings upon the property, but any such new buildings must cost not less than the one removed, and shall be forthwith rebuilt thereon."

At the time of the execution of the lease and at all times since Cal.Civil Code, § 1013, provided: "When a person affixes his property to the land of another, without an agreement permitting him to remove it, the thing affixed * * * belongs to the owner of the land, unless he chooses to require the former to remove it."

The lessee completed the construction of a hotel building in 1912, and of a garage in 1915 on the premises. In 1933, the lessor terminated the lease for default by the lessee in the payment of the rental specified in the lease.

The lessor filed its income tax return for the year 1933 on the cash basis, but did not include as income any amount for the value of the buildings on the property. The Commissioner of Internal Revenue determined that the economic value of the buildings should be included as income, and assessed a deficiency. The lessee paid the amount of the assessment under protest, and then brought this action to recover the amount so paid.

The court below held that the buildings erected on the lessor's land became the property of the lessor upon completion of the building, and that the lessor had received no income from the construction of the buildings in 1933. Judgment was entered for the lessor, and this appeal followed.

The question presented is whether the lessor derived income from the value of the buildings in 1933 when the lessee's rights under the lease were forfeited for failure to pay the rental stipulated in the lease. Section 22 of the Revenue Act of 1932, Ch. 209, 47 Stat. 169, 26 U.S.C.A. Int.Rev.Acts, page 487, provides in part: " 'Gross income' includes gains, profits, and income derived from * * * dealings in property * * * growing out of the ownership or use of or interest in such property * * * or gains or profits and income derived from any source whatever. * * *"

There have been many regulations covering the exact point in issue, but for lack of uniformity, they are not helpful. Helvering v. Bruun, 309 U.S. 461, 465, 60 S.

Samuel O. Clark, Jr., Asst. U. S. Atty. Gen., and Sewall Key, S. Dee Hanson, and Carleton Fox, Sp. Assts. to the Atty. Gen., and Frank J. Hennessy, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal., for appellant.

Theo. J. Roche, Theo. Roche, Jr., Eustace Cullinan, Jr., James Farraher, and George A. Stockfleth, all of San Francisco, Cal., for appellee.

Before WILBUR, GARRECHT, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

This action to recover income taxes paid, involves the question as to when a lessor derives income in the case where the lessee places improvements on the leased land and the lease is terminated for default of the lessee.

Appellee, a California corporation, hereafter called the lessor, was the owner of a parcel of real property in San Francisco on March 18, 1909, and on that date executed a lease covering such property to Terminal Investment Company, a corporation, hereafter called the lessee, for a term of fifty years from February 1, 1909, at a stipulated rental. By the terms of the lease, the lessor might terminate the lease upon default in the payment of the rental when due and if such default should continue for ten days. The lease obligated the lessee to "on or before ninety (90) days next after July 1st, 1911, commence, and continue until completion, the construction of a suitable building or buildings, to cost at least One hundred and fifty thousand dollars ($150,000.00) exclusive of foundations, upon said property". The lease further provides that in "the event of the termination of this lease from any cause before the expiration of the term thereof * * * said * * * building or buildings shall immediately revert to and become the property of the Lessor * * *" and " * * * The building or buildings erected on the property shall and must remain during the full term of this lease * * * except that the Lessee may, during the term of this lease, alter or improve the buildings erected thereon, or may tear the same down or remove the same from

Ct. 631, 84 L.Ed. 864. See Art. 4, Reg. 33; Art. 45, Reg. 45; Art. 48, Reg. 62; Art. 48, Reg. 65; Art. 48, Reg. 69; Art. 63, Reg. 74; Art. 63, Reg. 77, and as amended in 1935 by T.D. 4539, XIV-1 Cum. Bull. 141; Art. 22(a)-13, Reg. 86; Art. 22(a)-13 of Reg. 94 (26 CFR 3.22(a)-13); Art. 22(a)-13, Reg. 101 (4 Fed. Reg. 631; and § 19-22(a)-13), Reg. 103 (5 Fed. Reg. 348, 365).

The Circuit Courts of Appeals had uniformly held that, in the circumstances presented here, the lessor did not derive income in the year when the lease was cancelled. Miller v. Gearin, 9 Cir., 258 F. 225, certiorari denied 250 U.S. 667, 40 S.Ct. 13, 63 L.Ed. 1197; Commissioner v. Center Inv. Co., 9 Cir., 108 F.2d 190; Hewitt Realty Co. v. Commissioner, 2 Cir., 76 F.2d 880, 98 A.L.R. 1201; Commissioner v. Wood, 7 Cir., 107 F.2d 869; Nicholas v. Fifteenth Street Inv. Co., 10 Cir., 105 F.2d 289. In dicta, it had been said that the income was derived by the lessor upon completion of the building. Miller v. Gearin, 9 Cir., supra; Crane v. Commissioner, 1 Cir., 68 F.2d 640, 641. Dicta in other cases was to the effect that the lessor derived income either upon sale of the building or receipt of increased rentals. Hewitt Realty Co. v. Commissioner, 2 Cir., supra; Commissioner v. Wood, 7 Cir., supra; Nicholas v. Fifteenth Street Inv. Co., 10 Cir., supra.

In M. E. Blatt Co. v. United States, 305 U.S. 267, 279, 59 S.Ct. 186, 83 L.Ed. 167, it was held that the lessor did not derive income in the year of the completion of the improvements. In Helvering v. Bruun, 309 U.S. 461, 60 S.Ct. 631, 84 L.Ed. 864, it was held that the lessor derived income upon forfeiture of the lease. In the latter case, there was a difference in the facts, in that title to the improvements did not pass to the lessor until the forfeiture of the lease. Appellee contends that the distinction is controlling here. The distinction might, be argued were it not for subsequent action of the Supreme Court. After decision of Helvering v. Bruun, supra, the Supreme Court granted certiorari and reversed Commissioner v. Center Inv. Co., 9 Cir., supra, and Commissioner v. Wood, 7 Cir., supra. Helvering v. Center. Inv. Co., 309 U.S. 639, 60 S.Ct. 887, 84 L.Ed. 994; Helvering v. Wood, 309 U.S. 637, 60 S.Ct. 807, 84 L.Ed. 993. In both of those cases title to the improvements passed to the lessors upon completion of the construction, and there would be no reason for the reversals if such distinction controlled. We are therefore of the opinion that the time when title to the improvements passes to the lessor is immaterial, and that the real question is when the lessor "realizes" income; that while some of the courts took the view that income was realized only when the property was converted into money by sale or increased rentals, income is "realized" without such conversion.

It appears therefore that the Supreme Court has (1) disapproved the rulings of the Circuit Courts of Appeals that the lessor derives no income upon forfeiture of the lease (Helvering v. Bruun, supra); (2) disapproved the dicta to the effect that the lessor derives income upon completion of construction (M. E. Blatt Co. v. United States, supra; Helvering v. Bruun, supra); (3) disapproved the dicta to the effect that the lessor derives income only upon sale of the improvements or receipt of increased rental from the property (Helvering v. Bruun, supra); and (4) established the rule that the lessor derives income on forfeiture of the lease, regardless of whether title to the improvements passed to the lessor upon completion of the construction or upon forfeiture of the lease.

Reversed.