[S. F. No. 427. Department One.—January 15, 1897.]

## FRED E. FAIRBANKS ET AL., RESPONDENT, v. SAN FRANCISCO AND NORTH PACIFIC RAILWAY COMPANY, APPELLANT.

NEGLIGENCE — DESTRUCTION BY FIRE OF INSURED BUILDING — PARTIES— JOINT ACTION BY OWNER AND INSURANCE COMPANY—SPECIAL DAMAGE TO OWNER'S BUSINESS.—A joint action may be maintained by the owner of an insured building, and by the company effecting the insurance, to recover damages for the destruction of the building by fire, caused by the negligence of the defendant; and such joinder is not rendered improper by the fact that the owner further alleges special damage to his business proximately caused by the defendant's negligence, and all the damage to either plaintiff may be properly recovered in such action.

ID.—TITLE TO INSURED BUILDING—RESERVATION IN DEED—PRESCRIPTIVE RIGHT.—Where the insured building originally belonged to the owner of the land on which it stood, who conveyed the land to the defendant by deed containing a reservation of the right to maintain the building

with the privilege of ingress and egress from the same over the lands conveyed, and whatever transferable interest thus reserved became vested in the plaintiff, and plaintiff and his grantor with claim of title held undisturbed possession of the building, and paid all taxes thereon for the statutory period required to bar an action for the recovery of real property, the plaintiff has title to the insured building by prescription, and it is immaterial whether the deed be construed as operating to reserve a mere unassignable interest in gross, or operating as an exception of a profit *a prendre* which might be assigned.

ID.— ADVERSE POSSESSION OF BUILDING—HORIZONTAL CLEAVAGE OF REAL ESTATE.—For the purposes of adverse possession, and the invocation of the statute of limitations, there may be cleavage of corporeal real estate horizontally as well as vertically, and a prescriptive title to a building may be acquired by adverse possession, although another person may have title to the supporting land.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    JOHN HUNT, Judge.

The facts are stated in the opinion.

*Sidney V. Smith,* for Appellant.

The reservation in the deed cannot be successfully treated as of an easement, because it is of a right in gross.    (Tiedeman on Real Property, sec. 843; 3 Washburn on Real Property, secs. 470, 471; *Eiseley* v. *Spooner,* 23 Neb. 470; 8 Am. St. Rep. 129; *Fort Wayne* v. *Lake Shore etc. Ry. Co.,* 32 Am. St. Rep. 282; *Rich* v. *Zielsdorff,* 22 Wis. 544; 99 Am. Dec. 81; *Martin* v. *Gilson,* 37 Wis. 360, 362; *Grafton* v. *Moir,* 130 N. Y. 465; 27 Am. St. Rep. 533; *Pellissier* v. *Corker,* 103 Cal. 516; *Wagner* v. *Hanna,* 38 Cal. 116; 99 Am. Dec. 354; *Gay* v. *Walker,* 36 Me. 54; 58 Am. Dec. 734; Civ. Code, sec. 801.)    The right to maintain a warehouse reserved by Fulton was personal, and not assignable.    (*Wagner* v. *Hanna, supra; Painter* v. *Pasadena etc. Co.,* 91 Cal. 84; Washburn on Easements, 11; 3 Kent's Commentaries, 420; *Ackroyd* v. *Smith,* 10 Com. B. 188; *Garrison* v. *Rudd,* 19 Ill. 563; *Boatman* v. *Lasley,* 23 Ohio St. 617; *Alley* v. *Carleton,* 29 Tex. 74; 94 Am. Dec. 260.)    The reservation was not a profit *a prendre.*    (Am. & Eng. Ency. of Law, tit. "Profit *a prendre.*")

*Vogelsang & Brown,* for Respondents.

The demurrer to the complaint was properly over-ruled.  (*Pratt* v. *Radford,* 52 Wis. 114; *Swarthout* v. *Chicago etc. Ry. Co.,* 49 Wis. 625; *Crandall* v. *Goodrich Transp. Co.,* 16 Fed. Rep. 75; *Home Mut. Ins. Co.* v. *Oregon etc. Ry. Co.,* 20 Or. 569; 23 Am. St. Rep. 151; *Hawthorne* v. *Siegel,* 88 Cal. 159; 22 Am. St. Rep. 291; 1 Black on Judgments, sec. 150.)  The clause reserving the right to maintain the warehouse with the privilege of ingress and ingress was an exception in favor of the grantor and his assigns, and not a mere right in gross. (*Martin* v. *Cook,* 102 Mich. 267; *Painter* v. *Pasadena etc. Co.,* 91 Cal. 74: *Truett* v. *Adams,* 66 Cal. 218; *Engel* v. *Ayer,* 85 Me. 448; *Winthrop* v. *Fairbanks,* 41 Me. 307; *Smith* v. *Ladd,* 41 Me. 314; *Wood* v. *Boyd,* 145 Mass. 179; *Bowen* v. *Conner,* 6 Cush. 132; 1 Warvelle on Vendors, 471–74; Civ. Code, sec. 1069; *Martin* v. *Lloyd,* 94 Cal. 195; *Littlefield* v. *Maxwell,* 31 Me. 141; 50 Am. Dec. 653; *Bridger* v. *Pierson,* 45 N. Y. 601; *Hall* v. *Ionia,* 38 Mich. 493; *Richardson* v. *Palmer,* 38 N. H. 212; *West Point Iron Co.* v. *Reymert,* 45 N. Y. 704; *Dietz* v. *Mission Transfer Co.,* 95 Cal. 92.)  It is not essential to a profit *a prendre* that the claimant should take anything out or away from the soil, but the direct and continued appropriation of it for gain is sufficient.  (*Engel* v. *Ayer, supra; Littlefield* v. *Maxwell, supra; Post* v. *Pearsall,* 22 Wend. 425; *Painter* v. *Pasadena, supra;* Civ. Code, sec. 801.)  An exception of the profit *a prendre* is assignable, even though the words "to sell to others," assigns, or words of limitation are omitted.  (*Emerson* v. *Mooney,* 50 N. H. 315; *Wickham* v. *Hawker,* 7 Mees. & W. 63; *Nunan* v. *Worrall,* 53 N. Y. 44; 13 Am. Rep. 470; *Engel* v. *Ayer, supra;* Civ. Code, sec. 1072.)  The grant of a house gives a freehold in the land under it, as incident thereto, and necessary to its enjoyment.  (*Estey* v. *Currier, supra; Webster* v. *Potter,* 105 Mass. 414; *Allen* v. *Scott,* 21 Pick. 25; 32 Am. Dec. 238; *Dietz* v. *Mission Transfer Co., supra.*)  At the time of the fire, plaintiff's absolute owner-

ship of the warehouse and its site had been perfected by virtue of the title acquired through the adverse possession of himself and his grantors. (*Frederick* v. *Dickey*, 91 Cal. 358; *Baldwin* v. *Temple*, 101 Cal. 396; *Bonson* v. *Jones*, (Iowa,) 56 N. W. Rep. 515; *Brown* v. *Bowen*, 30 N. Y. 539.)

BRITT, C.—Fairbanks and the National Fire Insurance Company joined in this action to recover damages for the destruction of a certain building by fire, resulting from defendant's negligence. It was alleged in the complaint that the building was the property of Fairbanks, of the value of eighteen hundred and thirty-five dollars, and insured by the insurance company for nine hundred dollars, which latter sum said company paid to Fairbanks before the commencement of the action; also, that Fairbanks' business carried on in the building was interrupted by its destruction, to his loss of profit, stated at three hundred dollars; plaintiffs prayed damages in the sum of two thousand one hundred and thirty-five dollars. A demurrer to the complaint for misjoinder of plaintiffs and of causes of action was overruled, and defendants answered, denying, among other things, that Fairbanks owned the building.

It appeared in evidence that one Fulton formerly owned a tract of land which included said structure; December 10, 1872, he conveyed the land to defendant by deed containing a reservation of the "right to maintain" the building, with the privilege of ingress and egress to and from the same over the lands conveyed. In the year 1884, whatever transferable interest was thus saved to Fulton became vested by proper deeds of conveyance in one Estinghausen, and, on June 5, 1890, the latter executed a deed of the land containing the building to Fairbanks. Estinghausen, and after him, Fairbanks, until the time of the fire, had possession of the building adversely to defendant, and paid all taxes thereon; they sucessively claimed to own both the building and the land on which it stood, but after 1883

neither of them paid taxes on the land itself; it was not assessed to them, nor shown to have been assessed at all. Plaintiffs had a verdict and judgment for two thousand dollars.

Defendant claims that the joinder of plaintiffs was rendered improper by the allegations of injury to Fairbanks' business, a source of damage in which the insurance company had no interest.   But the same objection would apply to the value of the building above the amount of the insurance policy, and that this may be recovered in a joint action such as the present is conceded by defendant, and is established by authority upon sound considerations of justice and expediency. (*Swarthout* v. *Chicago etc. Ry. Co.*, 49 Wis. 625; *Crandall* v. *Goodrich Transp. Co.*, 16 Fed. Rep. 75; *Home Mut. Ins. Co.* v. *Oregon Ry. etc. Co.*, 20 Or. 569; 23 Am. St. Rep. 157.)   The negligence which gave rise to the action was the single cause of the whole injury, and, unless all the damage of either plaintiff is recoverable in the joint action, defendant must be twice vexed for the same delict; and it seems to us that to allow as damages to the joint plaintiffs the value of the building in excess of the policy, and deny the recovery in the same action of other damages to the insured proximately caused by defendant's negligence, would be to create a useless distinction, and balk at an imaginary difficulty.   (See Code Civ. Proc., sec. 378; Bliss on Code Pleading, sec. 73; *People* v. *Morrill*, 26 Cal. 360.)

Counsel have discussed with much learning and ingenuity the effect of the saving clause in the deed of Fulton to defendant—whether it operated to reserve a mere unassignable easement in gross, as argued with considerable force by defendant, or an exception of a profit *a prendre* at least in favor of the grantor, as plaintiffs contend.   We think the proper construction of the deed unnecessary to be now determined.   For the purposes of adverse possession, and the invocation of the statute of limitations, there may be cleavage of corporeal real estate horizontally as well as vertically; this appears

from the cases relating to mineral strata and tunnels. (*Caldwell* v. *Copeland*, 37 Pa. St. 427; *Lillibridge* v. *Lackawanna Coal Co.*, 143 Pa. St. 293, 299; 24 Am. St. Rep. 544; *Powell* v. *Lantzy*, 173 Pa. St. 543; *Bevan* v. *London Portland Cement Co.*, 3 Rep. 47.) Here the building was part of the land; with claim of title Fairbanks and his predecessor held undisturbed possession thereof, and paid taxes thereon for the statutory period required to bar an action for the recovery of real property; under the view obtaining in this state, that the statute, when it has run, has the effect to extinguish the right as well as bar the remedy of the former owner of land, nothing further was necessary to the establishment of Fairbanks' title in the structure, although defendant may yet have title in the supporting land.

The judgment and order appealed from should be affirmed.

BELCHER, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

HARRISON, J., VAN FLEET, J., McFARLAND, J.