### THE PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY v. CHILDS ET AL.

[No. 22,596. Filed April 22, 1915. Rehearing denied June 25, 1915.]

RAILROADS.—*Liability for Fires.—Action.—Parties.*—An action may be maintained against a railroad company by the owner of property destroyed by fire communicated by the company in the operation of its road, in which the insurer of such property may be joined as plaintiff, where it appears that the value of the property exceeded the insurance and that the insurer has paid the insurance so as to be subrogated to the rights of the owner to that extent.

From Porter Circuit Court; *A. D. Bartholomew,* Judge.

Action by Otis T. Childs and another against The Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*George E. Ross,* for appellant.
*Rabb & Mahoney* and *D. B. Fickle,* for appellees.

Morris, J.—Suit against appellant, by appellees Childs and Home Insurance Company, under act of March 3, 1911. §5525a Burns 1914, Acts 1911 p. 186, *Pittsburgh, etc., R. Co.* v. *Chappell* (1914), *ante* 141, 106 N. E. 403. The complaint alleges that appellee Childs was the owner of a barn and certain contents, situated near the right of way of appellant's railroad; that the value of the barn and contents was $500, and the property was insured by appellee insurance company against damage or loss by fire in the sum of $100; that the property was destroyed by fire, communicated to the barn by sparks and coals of fire from one of appellant's locomotives; that thereafter appellee insurance company paid to appellee Childs the full amount of insurance, $100, and thereby became subrogated to the rights of Childs, to such extent, to a recovery from appellant. Judgment is demanded for $500 against appellant in favor of appellee Childs, with $100 thereof adjudged to be for the benefit of appellee insurance company.

Appellant's demurrer to the complaint was overruled; a trial resulted in a verdict and judgment for $300 in favor of Childs, with the insurance company subrogated to the rights of Childs in $100 thereof. Appellant's motion for a new trial was overruled. This action and the ruling on the demurrer are here assigned as erroneous. Jurisdiction of the appeal is conferred on this court because a constitutional question is involved. Subd. 1, §1392 Burns 1914, Acts 1901 p. 565. Appellant contends that the complaint is insufficient because facts are not alleged entitling appellees to join as plaintiffs in the suit. We are of the opinion that under the facts stated the owner and insurer may properly join as plaintiffs. *Pittsburgh, etc., R. Co.* v. *Home Ins. Co.* (1915), *ante* 355, 108 N. E. 525; *New York, etc., R. Co.* v. *Roper* (1911), 176 Ind. 497, 502, 96 N. E. 468, 36 L. R. A. (N. S.) 952, and authorities cited.

The evidence was sufficient to support the verdict, and no

reversible error was committed in the giving of instructions, or the refusal to give those requested by appellant.

Many other questions are presented by appellant which are identical with those determined against it in *Pittsburgh, etc., R. Co.* v. *Home Ins. Co., supra,* and on the authority of that case we hold that such questions present no reversible error. Judgment affirmed.

NOTE.—Reported in 108 N. E. 583. As to the constitutionality of statute imposing upon railroad companies liability for fires, see 42 Am. St. 538. As to the right of an insurance company to enforce subrogation by suit in its own name, see 1 Ann. Cas. 885; 13 Ann. Cas. 710. See, also, 33 Cyc. 1350.