BALTIMORE AND OHIO RAILROAD COMPANY *v.* DAY ET AL.

[No. 13,228.    Filed June 7, 1929.    Rehearing denied October 23, 1929. Transfer denied April 30, 1930.]

348

*Robert Creigmile and McMullen & McMullen, for* appellant.

*Fitzgerald & Fitzgerald and Wykoff & Wykoff, for* appellees.

NICHOLS, J.—Action by appellees against appellant for damages resulting from a fire set by appellant's engine.

Appellee Day was the owner of a barn, which he

claimed was set afire by one of appellant's engines, and, with its contents, destroyed.

Appellee insurance company was party plaintiff, alleging it had paid Day the amount of insurance and asking judgment for the amount so paid.

The first paragraph of complaint avers that on April 24, 1926, appellant owned and operated a certain railroad known as "the Baltimore and Ohio Railroad" in and through Jennings County; that, on said date, Day was the owner of certain real estate in said county on which was a barn used in operating said land as a farm and for other useful purposes; that, on said day, and for a long time prior thereto, appellant had been operating its main track and its yard tracks near thereto; that, on said day, said barn was destroyed by fire communicated to it by one of appellant's engines in use by it in operating its main line and yard tracks; that said barn so destroyed was of the value of $600; that it was insured by appellee insurance company against fire in the sum of $200, and that, after its destruction, appellee insurance company paid to appellee Day the full amount of said insurance, and thereby became subrogated to his rights to such extent, to a recovery from appellant.

Demand for judgment in the sum of $600 against appellant in favor of appellee Day, with $200 thereof adjudged to be for the benefit of appellee insurance company.

The second paragraph of complaint is by appellee Day, by which he asks damages sustained by reason of the destruction of personal property in said barn.

Appellant's motion to separate causes of action was overruled, as was also its motion to make each paragraph of complaint more specific, and its demurrer to each paragraph of complaint. There was a trial by jury, which resulted in a verdict assessing damages of appellee Day at $600 on his first paragraph of complaint, and sub-

rogating appellee insurance company to the rights of appellee Day in $200 of said $600, and assessing the damages of appellee Day on his second paragraph of complaint, being on contents of the barn, at $400. Judgment was rendered accordingly, from which, after appellant's motion for a new trial was overruled, this appeal, appellant assigning as error the court's action in overruling its motion to separate causes of action, its demurrer to the complaint, and its motion for a new trial.

Appellant's motion to separate causes of action and its demurrer for misjoinder were each properly overruled. Appellees, as the insured and the insurer, had a common interest in the damages involved, which grew out of one and the same act of negligence, and they might, therefore, be properly joined as plaintiffs.

In *Fairbanks* v. *San Francisco, etc., R. Co.* (1897), 115 Cal. 579, 47 Pac. 450, Fairbanks and the National Insurance Company joined in an action to recover damages for the destruction of a certain building by fire resulting from the defendant's negligence. It was alleged in the complaint that the building was the property of Fairbanks, and of the value of $1,835, and insured by the insurance company for $900, which latter sum the insurance company paid to Fairbanks before the commencement of the action. It was also alleged that the business of Fairbanks carried on in the building was interrupted by its destruction, to his loss of profit in the sum of $300. The plaintiffs prayed damages in the sum of $2,135. A demurrer to the complaint for misjoinder of plaintiffs and causes of action was overruled. It was claimed by the defendants that the joinder of plaintiffs was rendered improper by the allegations of injury to Fairbanks' business, a source of damage in which the insurance company had no interest. But the court said that the same objection would apply to the value of the building above the amount of the insurance policy, and that this might

be recovered in a joint action was conceded by the defendant, and established by authority, upon sound consideration of justice and expediency. Authorities are cited to sustain the holdings. The court then stated that the negligence which gave rise to the action was the single cause of the whole injury, and, unless all the damage of either plaintiff is recoverable in the joint action, defendant must be twice vexed for the same delict; and the court stated that it seemed to it that to allow damages to the joint plaintiffs, and the value of the building in excess of the policy, and deny the recovery in the same action of other damages to the insured proximately caused by the defendant's negligence, would be to create a useless distinction and balk at an imaginary difficulty.

In *Missouri Pacific R. Co. v. Wise* (1888), 3 Texas Ct. App. Civ. Cas. 461, the suit was by appellees jointly to recover of appellant damages for the destruction of grass, turf, rails, pasturage, hay and cotton, caused by the negligent acts of appellant's employees. On the trial, the evidence showed that Smith, one of the plaintiffs, had no interest in any of the property destroyed except the cotton, but that he was a joint owner with other plaintiffs of the cotton. It was there contended that there was a misjoinder of parties plaintiff. But it was held that all the plaintiffs were not only proper but necessary parties to the suit in so far as the suit sought to recover damages for the destruction of the cotton, and that the plaintiffs, being properly and necessarily joined as to a portion of the damages claimed, might maintain a suit jointly as to the other damages. The court then stated that the system of that state abhors a multiplicity of suits, and no reason appeared for requiring two suits in such a case, where the claims for damages were based upon the same negligent acts and constituted but one transaction.

In *Firemen's Ins. Co. v. Oregon R. Co.* (1904), 45 Ore.

53, 76 Pac. 1075, 67 L. R. A. 161, 2 Ann. Cas. 360, the North Western Warehouse Company was the owner of a quantity of wheat which was stored in one of the railroad company's stations. This wheat was insured by the Firemen's Fund Insurance Company for $1,250, which was less than its value. The wheat was destroyed by fire, which was alleged to have been the result of the negligence of the railroad company. The insurance company paid the warehouse company the amount of the insurance, and, by articles of subrogation, took an assignment of all the right of claim which the latter company had by reason of the damages sustained, to the extent of the amount so paid, and both companies joined in an action against the railroad company for the entire amount of damages sustained by reason of the fire. Sam Davis was the owner at the same time of some wheat which was also destroyed. He assigned his claim for damages against the railroad company to the plaintiffs, and they sued upon this demand also as a second separate cause of action. The court, quoting with approval from *State Ins. Co.* v. *Oregon, etc., R. Co.* (1891), 20 Ore. 563, 26 Pac. 838, said: "There is but one wrongful act complained of, causing one loss and creating but one liability. It is a single wrongful act, giving rise to but one liability upon a claim which is indivisible. It is immaterial whether the insurer acquires his right or interest by subrogation or assignment. When the property destroyed exceeds the value of the insurance money paid, he only acquires a joint right or interest with the owner of such property in a single cause of action or liability. Where there is but one liability or cause of action, those united in interest must adjust their loss in a single action." In the same case, the court, quoting with approval from *Home Mutual Ins. Co.* v. *Oregon, etc., R. Co.* (1891), 20 Ore. 569, 23 Pac. 857, 23 Am. St. 151, said that: "When the amount of the insurance money paid is less than the

value of the property destroyed by the negligent act, all the authorities agree that the insurer must either sue in the name of the insured, or join with him in bringing an action against the wrongdoer. None allows that in such case he can sue in his own name alone, for the reason that the wrongful act is single and indivisible, and gives rise to but one liability or cause of action. In that cause of action he acquires a joint right with the owner therein, and not a new and separate right of action, and therefore must prosecute it jointly with him. They have a joint interest in a single liability, and united are the real parties in interest."

California and Oregon have statutes similar to Indiana as to joinder of parties plaintiff. We find no statute in this regard in Texas.

The Fairbanks and the Firemen's Ins. Co. Cases are cited with approval in *Pittsburgh, etc., R. Co.* v. *Home Ins. Co.* (1915), 183 Ind. 355, 108 N. E. 525, Ann. Cas. 1918A 828, in which case, the court held that: "Where the loss is greater than the insurance, the rule in this state, and declared in cases which seem to express the truest spirit of the codes outside of this state, is that the insured and the insurer each having a beneficial interest in the cause of action may join as plaintiffs." The court then stated that: "There are cases which hold the contrary and, where the loss exceeds the insurance, that the action must be brought in the name of the insured. This is put on the ground of the indivisibility of the cause of action and the rule against splitting a cause of action and subjecting the defendant to more than one action on the same cause. Under the provisions of our code emphasizing the equity rule, and requiring all parties who have a remedial interest in the cause of action to be brought in and so settle in the one action all the interests inhering in the subject-matter of the action, the vice at which these

cases are aimed is guarded against and the reason for the rule, therefore, does not obtain under our code."

It is true, as appellant said, that the first paragraph of complaint sought a recovery for damages to the real estate for the destruction of the building located thereon, and that such damages belonged to appellees as their respective interests might appear, while the second paragraph of complaint sought a recovery for the personal property which belonged to appellee Day, and in which appellee insurance company had no interest. But damages to the real estate and to the personal property, having resulted from the same fire, might as well have been recovered in the same paragraph of complaint. *Chicago, etc., R. Co.* v. *Kern* (1894), 9 Ind. App. 505, 36 N. E. 381; *Chicago, etc., R. Co.* v. *Smith* (1893), 6 Ind. App. 262, 33 N. E. 241; *Pittsburgh, etc., R. Co.* v. *Home Ins. Co., supra.* And, as appears by the cases cited above, anyone having an interest in the recovery might join as plaintiff.

Appellant contends that there could have been no subrogation in the absence of negligence by appellant and freedom from negligence by appellee Day, but Acts 1911 p. 186, being §13249 Burns 1926, eliminates negligence of a railroad corporation as an element of recovery in cases of damages because of fire set by locomotive engines of railroad companies. There is no evidence and no contention that appellee Day was in any way negligent. The Home Ins. Co. case was decided since the enactment of the foregoing statute, and it was there held that the insured and insurer were properly joined as parties plaintiff, and that there was a right of subrogation on the part of the insurer to the extent of the loss it had been compelled to pay. See, also, *Pittsburgh, etc., R. Co.* v. *Childs* (1915), 183 Ind. 464, 108 N. E. 525, Ann. Cas. 1918A 828.

There is ample evidence to sustain the verdict of the jury. There is no error in the instructions.

Even if the court erred in its rulings on the motion to separate, and on demurrer for misjoinder, after trial, a right result having been reached, such rulings would be harmless.

Affirmed.

McMahan, C. J., concurs.

ENLOE, J.—I am of the opinion that the motion to separate the causes of action, and to docket the cause of action stated in the second paragraph of complaint as a separate action, should have been sustained. But, as the cause has now been tried upon its merits, and appellant has not shown how it was in any way harmed by reason of its said motion having been overruled, I think the cause should be affirmed.