## COMMISSIONER OF INTERNAL REVENUE v. CENTER INV. CO.
### No. 9114.

Circuit Court of Appeals, Ninth Circuit.
Nov. 27, 1939.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Norman D. Keller, Carl J. Marold, and Berryman Green, Sp. Assts. to Atty. Gen., for petitioner.

D. G. Eggerman and Walser S. Greathouse, both of Seattle, Wash., for respondent.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is a petition for review of a decision of the United States Board of Tax Appeals in favor of the taxpayer and against the Commissioner's claim that where in a prior tax year a building had been erected by a lessee of taxpayer-lessor, pursuant to a lease agreement to erect such structure on the leased land, there was income to taxpayer in the tax year of the forfeiture of the lease due to the freeing of the building of the lease obligation.

The Board found, inter alia, that on January 23, 1930, the taxpayer "owned in fee simple a certain piece of real estate in downtown Seattle hereinafter referred to as Lot 1" and that on that date the taxpayer "leased Lot 1 and the contiguous Lot 2 to which it held only a leasehold interest, to the United Pine Center Corporation for a term of 97 years, 8 months, and 27 days. United Pine Center Corporation was, therefore, lessee as to Lot 1 and sublessee as to Lot 2 * * *".

The Board also found that "The lease to United Pine Center Corporation fixed the net rental for the entire term without any provisions for revision. It required the lessee to construct at its own expense before July 1, 1930, a two-story building to cost not less than $150,000, this cost to be allocated not less than $75,000 to each lot."

The lease given by the taxpayer provided:

"Nothing in this lease shall be construed as placing the title of any building or improvements constructed on said premises in the lessee; but the said buildings and improvements shall be a part of the land upon which the same may be built and the title to the same shall be at all times in the lessor subject to the leasehold interest of the lessee."

The Board found that the lessee was to receive no compensation for the building or improvements upon termination or forfeiture of the lease.

The lessee constructed a building covering both lot 1 and lot 2, which was completed September 30, 1930, at a cost of $213,399.50 and had a life (so the Board found) of not to exceed 50 years. The life of the building as found by the Board was, therefore, less than the term of the lease which was for 97 years, 8 months and 27 days.

On November 30, 1932, the lessee forfeited the lease.

The taxpayer did not report income in 1930 as the result of the erection of the building nor did it report income in 1932 as a result of the lease forfeiture.

The Commissioner of Internal Revenue sought to include in the taxable income of the taxpayer for the year 1932 the value of the building at the time of the forfeiture as determined by him.

The Board of Tax Appeals rejected the Commissioner's contention that termination of the lease resulted in taxable income to the taxpayer and the Commissioner petitions for review of the Board's decision.

Assuming the existence of a situation most favorable to the position of the Commissioner, that by such forfeiture the taxpayer acquired a building freed of a lease calling for no payment by the lessee for the use of the building other than construction costs, then it seems clear that the taxpayer's economic worth was increased by the forfeiture and the question arises whether that increase in economic worth constituted realized income.

The taxpayer acquired title to the building in the year of its construction (1930). The agreement between the taxpayer and its lessee provided that "title to the [building] * * * *shall be at all times* in the lessor subject to the leasehold interest of the lessee." (Emphasis supplied).

The Board included in its findings a statement to the effect that at the time of forfeiture of the lease the taxpayer "actually came into possession of the portion of the building located on its lot * * *." However, the Board found that the forfeiture of the lease by the United Pine Center Corporation was carried out by assignment of its lease to the F. R. Corporation, nominee of the taxpayer, which assignment was for the convenience of the taxpayer and for the purpose of keeping intact the leases of the sub-tenants. The statement that the taxpayer "actually came into possession", therefore, must have been made with reference to the oft expressed maxim that the possession of the tenant is the possession of the landlord. See cases collected in 35 C.J. § 539, p. 1212, note 3. But in that sense the taxpayer had been in possession since the construction of the building by the builder-lessee.

We are of the view that no such change in kind or extent of the taxpayer's rights was occasioned by the forfeiture as to constitute a "severance" or "realization" of income. Eisner v. Macomber, 252 U.S. 189, 207, 40 S.Ct. 189, 64 L.Ed. 521, 9 A.L.R. 1570; Magill, Taxable Income (1936), p. 69, Cf. M. E. Blatt Co. v. United States, 305 U.S. 267, 279, 59 S.Ct. 186, 83 L.Ed. 167; Nicholas v. Fifteenth St. Investment Co., 10 Cir., 105 F.2d 289; Helvering v. Bruun, 8 Cir., 105 F.2d 442, certiorari granted November 22, 1939. 60 S.Ct. 180, 84 L.Ed. ——.

It has been held that real estate is divisible for the transfer of title by horizontal as well as vertical planes, Lillibridge v. Lackawanna Coal Co., 143 Pa. 293, 22 A. 1035, 1036, 13 L.R.A. 627, 24 Am.St. Rep. 544, and that one may have legal title to a building while another has legal title to the land supporting it, Fairbanks v. San Francisco & N. P. Ry. Co., 115 Cal. 579, 47 P. 450. However, where, as here, the Commissioner is seeking to uphold a deficiency assessment for the year in which the forfeiture of the lease occurred, based on the inclusion in the taxpayer's gross income of the value of the building in the year of forfeiture, we find it unnecessary to decide whether the taxpayer realized income in the year of the construction of the building even if it then acquired a separably disposable asset. Any increase in value accruing to that asset in the year of forfeiture of the lease constituted increase in economic worth but not realized income. Our holding that income was not realized in 1932 because of the forfeiture of the lease is in accord with the result reached in Miller v. Gearin, 9 Cir., 258 F. 225, 226, certiorari denied 250 U.S. 667, 40 S.Ct. 13, 64 L.Ed. 1197.

We are thus able to dispose of this case as if the taxpayer were the owner in fee of both lots upon which the building was constructed without introducing the further complicating factor that the lease provided inter alia that the "buildings and improvements shall be a part of the land upon which the same may be built * * *" and that the taxpayer did not own Lot 2 in fee but was in fact a lessee thereof.

The decision of the Board of Tax Appeals is affirmed.