PANZICH v. DUHART.
No. 14279.

United States District Court
S. D. California, Central Division.
Feb. 8, 1954.

Davis, Berryman, Sanborn, Lindley &
Cobb, by A. L. Lindley, Los Angeles,
Cal., for plaintiff.

Raoul D. Magana and W. J. Schall, by
W. J. Schall, Los Angeles, Cal., for de-
fendant.

TOLIN, District Judge.

This action to recover damages caused
by a minor automobile accident primar-
ily presents jurisdictional problems.

When filed in the Superior Court of
the State of California, the Complaint
on its face pleaded one cause of action
with damages in three categories. It al-
leged personal injuries to the extent of
$25,000, property damage of $251.09 and
$50 damages for loss of use of the
wrecked automobile during the reason-
ably necessary repair period.

Defendant caused removal to this
Court on well pleaded and subsequently
proved and admitted grounds of divers-
ity of citizenship. At pre-trial, plaintiff
abandoned the personal injury claim.
During the trial defendant, for the first
time, moved for remand to the Superior
Court upon two grounds: first, that the
amount in controversy is less than $3,-
000; and second, that an insurance com-
pany is the real party in interest, hav-
ing a right by subrogation for what it
has paid plaintiff upon his deductible
policy of collision insurance. Defendant
states that this is a separate claim from
that owned by the plaintiff and it never

was a claim for the requisite jurisdictional amount; and, moreover, was at all times a claim owned by the insurer rather than the insured who is plaintiff herein.

█ It is the defendant who procured Federal jurisdiction and now asks for remand. Aside from the poor grace and untimeliness of this inconstancy, defendant does not have any legal ground to accomplish it. His first ground is without merit and has been answered by the Supreme Court in Saint Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845, which holds that the amount in actual controversy at the time the suit is filed or removed controls; and if Federal jurisdiction existed then, it is not destroyed by subsequent reduction of the amount of the claim.

As to the second ground for remand, a somewhat more complex problem is presented by a record probably not sufficient to establish the facts as contended. Only one claim has been stated. There is nothing in the record to show who the subrogee is and a very scant showing that there is an insurance company in the case at all. There has never been any attempt until trial to divide the case into more than one cause of action. The only attempt then was the indirect one of a motion to remand rather than to require separate statement of claims. To reach the problem, the Court must treat the statements of counsel as stipulations. Despite lack of preciseness in the statements of counsel now so considered as stipulations, it appears that Panzich had collision insurance with an insurance company and that the policy was of the kind commonly known as $50 deductible. Plaintiff's present demand includes the amount of the necessary, reasonable repair bill on his car. This amounts to $251.09. Fifty dollars of this amount is in excess of insurance coverage. If plaintiff has been reimbursed by the insurance company for the part of his loss compensable under the policy, he must recognize the law of subrogation and to that extent the action is maintained for the benefit of the insurer, but it is the insured who maintains it for his total loss, both that which is insured against and that which is not. The insurance did not take care of the first $50 of the claim, nor does it protect against the loss sustained by loss of use of the vehicle during the reasonable and necessary time it was undergoing repairs. In this case the amount of this latter loss is but $50 but it theoretically can, if reasonable, be as great as the value of the vehicle. Valencia v. Shell Oil Co., 23 Cal.2d 840, 147 P.2d 558.

In Fairbanks v. San Francisco and North Pacific Ry. Co., 115 Cal. 579, 47 P. 450, the California Supreme Court refused to require several actions for recovery of the distinct items of damage resulting from a single tort. The subject now before this Court is discussed in 3 Moore's Federal Practice, 2nd Edition, Section 17.09, pp. 1347–1349:

" * * * When the insurer has paid the full loss and is subrogated to the entire claim, the great majority of courts hold him to be the real party in interest. A few code states, however, impressed by the argument which distinguishes assignment and subrogation as one legal, the other equitable, have retained the common-law rule, and thus denied effect to the real party in interest statute and provisions for the union of law and equity.

"When the insurer has paid less than the full loss, and is subrogated to only a part of the claim, there has been more difficulty. Here too, though, it seems that there is no logical basis for a distinction between partial subrogation and partial assignment. Assume in this case that the insurer satisfies his liability to the insured, but the insured sues and recovers his entire original loss. The recovery is impressed with a trust for the insurer to the amount to which he was entitled by principles of subrogation. *The insurer, therefore, owned that*

*portion of the substantive right, and the insured owned the remainder. There are two real parties in interest. Both may sue. But, as in the case of partial assignments, if the defendant makes a timely objection, the joinder of insurer and insured should be compelled.* This has been the result reached by many courts. The courts taking the contrary view rely, almost without exception, upon an early federal case, which construed the Missouri code provision, but in doing so relied upon an English decision that stated the common-law rule. *Several courts have properly held that since the partial subrogee is a real party in interest a suit by him alone states a cause of action, the only defect being one of parties which is waived unless seasonable objection is made.* \* \* \* ". (Emphasis supplied.)

■■ The facts of this case involve only a partial subrogation, and the plaintiff's original demand exceeded $3,000 which was not subject to subrogation. As it was reducible to less than $3,000 under the rule of Saint Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845, there is no reason why it cannot be reduced to $100, the total of the unsubrogated $50 not covered by insurance plus the loss of use claim, also uninsured. *Furthermore, the objection was not seasonable and having been made for the first time at the trial, came too late.*

The accident was clearly the result of defendant's negligence in driving into the rear of plaintiff's automobile while its driver was properly awaiting a signal to pass through an intersection. The damages are found to be $251.09 for repairs and $50 for loss of use while repairs were being made, a total judgment of $301.09.

Findings of fact, conclusions of law and judgment shall be prepared and submitted within five days by counsel for plaintiff.