**STATE OF MARYLAND, to the Use of Joseph CARNESDALE and Nellie Grace Carnesdale, surviving Parents of Frederick Joseph Carnesdale, Deceased,**

v.

**Bobby Meredith ROLEN and Charles M. Rolen.**

**Joseph CARNESDALE, Administrator of the Estate of Frederick Joseph Carnesdale, Deceased,**

v.

**Bobby Meredith ROLEN and Charles M. Rolen.**

**Florence Auld Cerwensky, a minor, by her father and next friend, Edward W. Auld, Jr., and Edward W. Auld, Jr., Applicants for Intervention.**

**No. 6303.**

United States District Court
D. Maryland, Civil Division.

Sept. 17, 1954.

Max R. Israelson, Baltimore, Md., and Richter, Lord & Farage, Philadelphia, Pa., for plaintiff.

James J. Lindsay and Frederick J. Green, Jr., Baltimore, Md., for defendant.

Wilton H. Wallace and Wallace & Lerch, Washington, D. C., for applicants for intervention.

THOMSEN, District Judge.

Applicants for intervention, citizens of Maryland, seek to intervene as parties plaintiff in a negligence action pending in this court, in which the jurisdiction is based on diversity of citizenship and the defendants are also citizens of Maryland.

It appears from the original complaint and from the motion to intervene that Frederick Joseph Carnesdale and Florence Auld Cerwensky, passengers in an automobile owned by one of the defendants and operated by the other defendant, were killed and injured respectively as a result of the alleged negligence of the driver.

■ State of Maryland, to the use of the parents of Carnesdale, and the administrator of Carnesdale's estate, who are citizens of Pennsylvania, filed suit in this court against the Maryland defendants. The State of Maryland is a nominal party, and the fact that it is a legal plaintiff in the case does not deprive this court of jurisdiction. Stewart v. Baltimore & Ohio Railroad Co., 168 U.S. 445, 18 S.Ct. 105, 42 L.Ed. 537; State of Maryland v. Baldwin, 112 U.S. 490, 5 S.Ct. 278, 28 L.Ed. 822.

Mrs. Cerwensky, by her father and next friend, and her father individually, concede that they could not bring an original action against the defendants in this court; but they seek permission to intervene as parties plaintiff in the Carnesdale action under Rule 24(b), Fed. Rules Civ.Proc., 28 U.S.C.A., which deals with "Permissive Intervention" and provides that:

> "Upon timely application anyone may be permitted to intervene in an action * * * (2) when an applicant's claim or defense and the main action have a question of law or fact in common."

This rule has been liberally construed, and properly so. It is desirable in many cases to avoid separate trials arising out of the same events. However, Rule 82, Fed.Rules Civ.Proc. provides:

> "*Jurisdiction and Venue Unaffected.* These rules shall not be construed to extend or limit the jurisdiction of the United States district courts or the venue of actions therein."

To permit the intervention applied for would extend the jurisdiction of this court. Counsel have cited no case directly in point, and I have found none. I have never heard of a similar attempt to intervene, in this district or in any other district.

■ The general rule is stated in 4 Moore's Federal Practice, Sec. 24.18, p. 137, as follows:

> "Intervention under an absolute right, or under a discretionary right in an *in rem* proceeding, need not be supported by grounds of jurisdiction independent of those supporting the original action. Intervention in an *in personam* action under a discretionary right must be supported by independent grounds of jurisdiction, except when the action is a class action."

See also Barron & Holtzoff, Federal Practice and Procedure, Vol. 2, p. 202.

■ This case is as clear a case as I can imagine for the application of the second half of the rule quoted above. Other courts have applied the principle in a variety of situations. Kendrick v. Kendrick, 5 Cir., 16 F.2d 744; Johnson v. Riverland Levee Dist., 8 Cir., 117 F.2d 711, 134 A.L.R. 326; Baltimore & Ohio R. R. v. Thompson, D.C.E.D.Mo., 8 F.R. D. 96.

The cases cited by applicants are not in conflict with the rule stated by Moore; those involving intervention illustrate the first half of that rule. In Virginia Electric & Power Co. v. Carolina Peanut Co., 4 Cir., 186 F.2d 816, 32 A.L.R.2d 234, the insurer was held to have an absolute right to intervene under Rule 24 (a), *Intervention of Right.* Intervention by the insurer did not introduce any new or different claim against the defendants. The proposed intervention in the case at bar, however, would introduce a new claim against the defendants, which is not supported by independent grounds of jurisdiction.

The motion to intervene is denied.