### GLENS FALLS INSURANCE COMPANY

v.

**COOK BROTHERS, INC., City of Indianapolis, Department of Public Utilities d/b/a Citizens Gas and Coke Utility.**

**No. IP 57–C–58.**

United States District Court
S. D. Indiana,
Indianapolis Division.

April 13, 1959.

I. 4 Moore's Fed.Prac. (2d ed.) para. 34.17.

Bingham, Summers & Spilman, Indianapolis, Ind., for plaintiff.

Thompson, O'Neal & Smith, Indianapolis, Ind., for defendant Department of Public Utilities d/b/a Citizens Gas & Coke Utility.

Locke, Reynolds, Boyd & Weisell and Yockey & Yockey, Indianapolis, Ind.,for defendant Cook Bros., Inc.

Baker & Orbison and Daily & Daily, Indianapolis, Ind., for Sigma Chi Fraternity Foundation.

STECKLER, Chief Judge.

This cause is presently before the court on the motion of the Sigma Chi Fraternity Foundation to intervene as a party plaintiff. The motion, together with a supporting brief and a proposed complaint, was filed with the court on January 6, 1959. No opposition to the motion has been registered by either of the present parties to the cause.

The motion first sets out, in summary fashion, the factual background of the instant case. Thus, it is averred that the instant action is by plaintiff Glens Falls Insurance Co., as the insurer-subrogee, to recover the sum of $88,000, the amount paid by it to the Sigma Chi Fraternity Foundation upon the destruction by explosion of a building owned by the latter on November 19, 1955. It is then averred that the Foundation's loss as the result of said explosion was of the total sum of $160,000; that after subtracting the $88,000 paid by plaintiff as the result of insurance coverage, the Foundation still has a claim of $72,000 against the defendants which has not been assigned nor paid. The crux of the motion is found in specifications 6 through 9 thereof. These specifications read as follows:

"6. That movant believes that there is but one cause of action against the defendants for the destruction of movant's property even though a portion of said right of recovery has been assigned by movant to plaintiff, and that movant's rights may be adversely affected by the existing cause of action, movant's

interest is not represented by existing parties, and movant may be bound by a judgment in this action.

"7. That movant's claim and the main action have questions of law and fact in common.

"8. That intervention in this action by movant will not unduly delay nor prejudice the adjudication of the rights of the original parties.

"9. That movant's intervention is a matter of right as well as of permissive intervention under Rule 24 of the Federal Rules of Civil Procedure."

Rule 24, 28 U.S.C.A. provides, in its pertinent parts, as follows:

"(a) *Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action * * *.

"(b) *Permissive Intervention.* Upon timely application anyone may be permitted to intervene in an action: * * * (2) when an applicant's claim or defense and the main action have a question of law or fact in common * * *. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

The jurisdictional basis of the present action is diversity of citizenship and an amount in controversy in excess of $3,000 exclusive of interest and costs. Plaintiff Glens Falls Insurance Company is a citizen of New York. Defendants are both citizens of Indiana, as is the movant, Sigma Chi Fraternity Foundation.

In 4 Moore's Federal Practice par. 24.18, p. 137, the rule on jurisdiction relative to intervention is summarized as follows:

"Intervention under an absolute right, or under a discretionary right in an *in rem* proceeding, need not be supported by grounds of jurisdiction independent of those supporting the original action. Intervention in an *in personam* action under a discretionary right must be supported by independent grounds of jurisdiction, except when the action is a class action." See State of Maryland to Use of Carnesdale v. Rolen, D.C.Md. 1954, 124 F.Supp. 86.

■ The instant action is clearly *in personam* and is not a class action. Sigma Chi Fraternity Foundation is a citizen of Indiana. It follows that intervention under Rule 24(b), *supra,* cannot be granted, since no independent grounds of jurisdiction exist and the action is not a class action. Therefore, intervention, if granted, must be predicated upon the applicability of Rule 24(a) (2), *supra,* dealing with intervention as of absolute right.

■ Intervention under Rule 24(a) (2), *supra,* must be predicated upon both of the factors referred to therein, that is, that the intervener's interest is or may be inadequately represented and that he would or might be bound by a judgment in the action. If it is clear that the applicant cannot be bound by the judgment, he cannot intervene as of right. But even if the applicant might be bound by the judgment, he cannot intervene as of right if he is in fact adequately represented by the existing parties to the action. 4 Moore's Federal Practice par. 24.08, pp. 35–37.

In applying Rule 24(a) (2) to the instant case, two correlative questions arise. Is the movant's interest represented in the action at the present time? The applicability of the rule is limited to representation of the applicant's interest that is or may be inadequate. Hence, it must first be ascertained whether the instant movant has an interest in the action and whether that interest is

represented at all. In this regard, Professor Moore says, *supra*, at p. 37:

"While the subdivision refers to the applicant's 'interest,' decision on the right to intervene should not turn on whether or not the applicant has an 'interest' in the subject matter of the controversy but on the less hazy question: is there a possibility that applicant will be bound by the judgment?"

By necessity, this question was considered by the court in its entry of June 6, 1958 in connection with the joint motion of defendants to compel joinder of Sigma Chi as a party plaintiff. That motion was grounded upon the contention that Sigma Chi was an indispensable party to this action. Upon reviewing said entry, the court has concluded that its reliance upon Vasu v. Kohlers, Inc., 1945, 145 Ohio St. 321, 61 N.E.2d 707, 166 A.L.R. 855 was not well placed. However the court is still of the opinion that United States v. Aetna Casualty & Surety Co., 1949, 338 U.S. 366, 70 S.Ct. 207, 94 L. Ed. 171 precludes Sigma Chi's classification as an indispensable party.[1] Reliance upon the Aetna case in the instant action would seem to draw renewed vigor from the fact that in that case the Supreme Court, in footnote 19, 338 U.S. at page 382, 70 S.Ct. 207, cited the case of Delaware County v. Diebold Safe & Lock Co., 1890, 133 U.S. 473, 488, 10 S.Ct.

399, 33 L.Ed. 674, a case involving Indiana law.

■ The Aetna case establishes both plaintiff's and Sigma Chi's status as a real party in interest under Rule 17, Federal Rules of Civil Procedure. See also 3 Moore's Federal Practice par. 17.09, pp. 1346–1350. Such status would also appear to exist under the comparable Indiana statute. Ind.Ann.Stat. § 2–201 (Burns' 1946); see Lake Erie & W. R. Co. v. Hobbs, 1907, 40 Ind.App. 511, 81 N.E. 90, 92; Pittsburgh, C., C. & St. L. R. Co. v. Home Ins. Co., 1915, 183 Ind. 355, 108 N.E. 525, 530; Baltimore & O. R. Co. v. Day, 1929, 91 Ind.App. 347, 166 N.E. 668. However, the fact that both may qualify as real parties in interest under the Indiana procedural law, does not necessarily make each an indispensable party to this action under Rule 19, Federal Rules of Civil Procedure. See Cowling v. Deep Vein Coal Co., 7 Cir., 1950, 183 F.2d 652, 656 and DeKorwin v. First Nat. Bank of Chicago, 7 Cir., 1946, 156 F.2d 858, certiorari denied 1946, 329 U.S. 795, 67 S.Ct. 481, 91 L.Ed. 680, in which the Court of Appeals held that the question of indispensability of parties must be determined by federal and not local rules. In line with this reasoning, it must also be remembered that there is a marked difference in the approach followed in a case where voluntary joinder under Rule 24 is sought and

[1]. It is true that the Aetna case was an action brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2674. However, except for certain specific exceptions enumerated in 28 U.S.C. § 2680, the Tort Claims Act manifests a congressional purpose that the United States be treated as if it were a private person in respect to torts committed by its employees, as the Supreme Court so noted. 338 U.S. at page 370, 70 S.Ct. 207. In view of this fact, the court is of the opinion that it is not amiss to analogize the position of the United States in the Aetna case with that of the defendants in the instant case, the only apparent distinction being the basis of jurisdiction invoked in the latter. In both cases, the substantive rights of the

parties are determined by reference to the law of the state in which the tort occurred, while the Federal Rules of Civil Procedure govern procedural matters. That the Supreme Court, in the Aetna case, was mindful of the splitting of a cause of action which there occurred, is indicated by the court's language, 338 U.S. at page 382, 70 S.Ct. 207. In meeting this question, the Supreme Court held that the district court could proceed without the presence of the absent parties under the provisions of Rule 19(b), which provides that a court may proceed without such parties where they are not subject to its jurisdiction, or, though they be subject to its jurisdiction, their joinder would deprive the court of jurisdiction of the parties already before it.

a case in which involuntary joinder is sought pursuant to Rule 19.

 Turning back to the language of Rule 24(a) (2), it is apparent that Sigma Chi's interest in this controversy is inadequately represented. In fact, it is not represented at all since the plaintiff has limited its claim to the amount paid to Sigma Chi under the terms of the insurance policy, or, in other words, to that portion of the total loss to which it is subrogated. Moreover, a possibility would seem to exist that Sigma Chi, in any action instituted by it in the Indiana state courts, may be bound by the judgment in this action. See Roby v. Eggers, 1891, 130 Ind. 415, 29 N.E. 365; 1 I.L.E., Action § 42. For these reasons, the court concludes that the instant matter is within the purview of Rule 24(a) (2), *supra*. Such a conclusion would appear to be in accord with the principles set down in Virginia Electric & Power Co. v. Carolina Peanut Co., 4 Cir., 1951, 186 F.2d 816, 32 A.L.R.2d 234; State of Maryland to Use of Carnesdale v. Rolen, supra.

The motion for leave to intervene is granted.