STATE OF MARYLAND, to the Use of
AMERICAN–MARIETTA COMPANY,
a corporation of the State of Illinois,

v.

W. E. DUNN CONSTRUCTION CO., Inc.,
a corporation of the State of
Maryland, Defendant.

NEW HAMPSHIRE FIRE INSURANCE
COMPANY, a corporation of the State
of New Hampshire, Defendant and
Third-party Plaintiff,

v.

Willie E. DUNN and T. H. Dudley Perkins, Third-party Defendants.

Civ. No. 12168.

United States District Court
D. Maryland.

Feb. 8, 1961.

Elizabeth R. Young, Washington, D. C., and George A. Chadwick, Jr., Boyds, Md., for Atlas Machine & Iron Works, Inc.

William A. Fisher, Jr., and Semmes, Bowen & Semmes, Baltimore, Md., for New Hampshire Fire Ins. Co.

THOMSEN, Chief Judge.

The motion of Atlas Machine and Iron Works, Inc. (Atlas) "for leave to intervene as a Use Plaintiff" under Rule 24 and to file a complaint against defendant New Hampshire Fire Insurance Company (Surety) is opposed by Surety on the ground that this court lacks jurisdiction over the cause of action alleged in the proposed complaint.

Defendant Dunn, a Maryland corporation, entered into a construction contract dated August 4, 1959, with the State Roads Commission of Maryland, SRC–T–164–2–220, Route 309, Norwich Creek, Talbot County, Maryland, and together with Surety, a New Hampshire corporation, executed and delivered a bond in the principal amount of $64,757 in accordance with Art. 90, sec. 11 of the Anno. Code of Md., 1957 Ed., as amended by the Act of 1959, ch. 10.

On May 5, 1960, American-Marietta Company, an Illinois corporation, filed this civil action against Dunn and Surety in this court, alleging diversity jurisdiction under 28 U.S.C.A. § 1332 and claiming $18,000 for materials it had provided to Dunn for the performance of the Norwich Creek contract. On June 17 judgment was entered in favor of plaintiff against Dunn, and on November 2 plaintiff dismissed with prejudice its complaint against defendant Surety and assigned to Surety its judgment against Dunn.

Meanwhile, on September 8, 1960, Atlas, a Delaware corporation, having its principal place of business in Virginia, filed the pending motion to intervene in order to assert the claim set forth in its proposed complaint, alleging that it had furnished materials to Dunn on the Norwich Creek job for which there remains due and owing to Atlas $1,894.72. Jurisdiction is said to be "founded upon previous assumption of exclusive *in rem* or *quasi in rem* jurisdiction over application of proceeds of bond executed by" Surety.

Before the 1959 amendment Art. 90, sec. 11, provided: " * * * that any suit or proceedings to enforce the liability under any such bond or undertaking for the payment of debts for labor or materials shall be brought in the name of the obligee named in such bond or undertaking, for the use and benefit pro rata of all creditors for labor or materials who may be entitled to claim thereunder * * *." That statute, like the old Heard Act [1] before it was superseded by the Miller Act,[2] contemplates only one suit, in which all creditors might intervene.

The Norwich Creek bond, however, was executed and delivered after the effective date of the 1959 amendment. The controlling language of Art. 90, sec. 11, now reads: "(c) *Suits on payment bonds—Right to institute.*—Every person who has furnished labor or material in the prosecution of the work provided for in such contract, in respect of which a payment bond is furnished under this section and who has not been paid in full therefor before the expiration of a period of ninety days after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him for which such claim

is made, shall have the right to sue on the payment bond for the amount, or the balance thereof, unpaid at the time of institution of such suit and to prosecute said action to final judgment and execution for the sum or sums justly due him; * * *. (d) *Same—Where and when brought; liability for costs.*—Every suit instituted under this section shall be brought in the appropriate court in the political subdivision in which the contract was to be performed and executed and not elsewhere, but no such suit shall be commenced after the term of one year after the date of final acceptance of the work performed under the contract. * * *"

The present statute, like the Miller Act, contemplates separate suits. See Clifford F. MacEvoy Co. v. United States, 322 U.S. 102, 105, note 4, 64 S.Ct. 890, 88 L.Ed. 1163. This court does not assume exclusive in rem or quasi in rem jurisdiction over the application of the proceeds of the bond.

The 1959 Maryland statute also contemplates that all such suits shall be filed "in the appropriate court in the political subdivision in which the contract was to be performed", but Surety concedes that when all requirements for diversity jurisdiction are met, such a suit may be filed in or removed to a proper federal court.[3] See Hess v. Reynolds, 113 U.S. 73, 5 S.Ct. 377, 28 L.Ed. 927; Barber Asphalt Paving Co. v. Morris, 8 Cir., 132 F. 945, 949, 67 L.R.A. 761.

In the instant case the claim of Atlas is for less than $10,000, so the requirements of 28 U.S.C.A. § 1332 are not met; Atlas could not file an original action in this court, and cannot intervene in the action filed by American-Marietta. State of Maryland, to Use of Carnesdale

---

1. 28 Stat. 278, 40 U.S.C.A. § 270.

2. 49 Stat. 793, 40 U.S.C.A. §§ 270a–270e.

3. It is of course desirable that all actions on the bond be filed in one court, for the protection of all parties, but that desirability can neither eliminate federal jurisdictional requirements nor prevent the proper exercise of federal jurisdiction. Questions of venue and forum non conveniens can be decided if and when they arise. Where only one state court and one federal court are involved, the problems of comity should not be difficult.

v. Rolen, D.C.D.Md., 124 F.Supp. 86, and cases cited therein.[4]

### Order

The motion of Atlas for leave to intervene is hereby denied.

4. American-Marietta included in its complaint claims under two other State Roads contracts, both of which had been executed before June 1, 1959, the effective date of the amendment to Art. 90, sec. 11. A number of materialmen, including one or more who had claims against the Norwich Creek bond as well as against one of the older bonds, intervened in the case without opposition from defendants and filed complaints alleging all of their claims, which were later settled and dismissed with prejudice. These facts cannot create federal jurisdiction where proper grounds for such jurisdiction do not exist.